Chief Judge Fuld.
The defendant, Richard M. Carpenteur, pleaded guilty to the crime of robbery in the second degree and was sentenced as a second felony offender under section 1941—now section 70.10—of . the Penal Law. He here challenges the sentence imposed on the ground that, following his earlier conviction in California, he had been adjudicated a youthful offender and that this conviction could not, therefore, be used as a predicate for multiple offender treatment.
*573 In 1951, when this defendant was 18 years of age, he was found guilty of the crime of robbery in California. In accordance with that state’s procedure, he was remanded to the custody of the California Youth Authority in lieu of sentencing. The district attorney acknowledges that such a disposition could not, under California law, be used as a predicate for multiple felony offender treatment, and that the defendant’s treatment in California as a youthful offender under the statutes of that state was similar to the results of a youthful offender adjudication under the Code of Criminal Procedure. He argues, however, that the New York statutory provision which prevents the use of a youthful offender adjudication as a predicate for multiple offender treatment (Code Crim. Pro., § 913-n) is limited to determinations made in the courts of this State.[1]
Whether or not an out-of-state conviction is a basis for multiple offender treatment depends, as we have frequently declared, upon the law of New York, and our courts are not generally bound by the characterization of the offense under the law of the jurisdiction in which the crime was committed. (See, e.g., People v. Olah, 300 N. Y. 96, 98; People ex rel. Newman v. Foster, 297 N. Y. 27, 30; People v. Evans, 20 A D 2d 671.) The problem presented by the case before us, however, is somewhat different. It is true that the acts perpetrated by this defendant in California would have warranted a felony conviction had they been committed in this State but there is no basis for concluding that such a conviction would have actually resulted. A New York court would have been privileged—had the crime been committed here—to label the defendant a youthful offender, as the California court did (Code Crim. Pro., § 913-g). And, in either case, our courts are precluded from treating the defendant as a prior felony offender in a later prosecution.
While it is true that, on its face, section 913-n only requires this result where the defendant had been adjudicated a youthful offender “ under the provisions of this title”, that does not *574 mean that we may disregard the California determination. This defendant was under the age of 19 at the time he committed the offense in California and was eligible in every respect for youthful offender treatment under the Code of Criminal Procedure of our own State. The California court, acting under a statute somewhat similar to ours and applying policy considerations which the district attorney concedes were identical, concluded that the defendant should be treated as a youthful offender. A New York court would also have had to make a decision as to the treatment to he accorded the defendant — had the crime been committed in this State — and in our view the conclusion of the California court that the defendant should be treated as a youthful offender is similarly determinative of his status under section 1941.[2] Accordingly, it was error to consider the defendant’s previous conviction in California as a conviction of a felony in this State and sentence him as a second felony offender.
The order appealed from should be reversed and the case remitted to the Supreme Court, Kings County, for resentencing.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, etc.

. Section 913-n of the Code of Criminal Procedure reads as follows:
“ Effect of adjudication.— No determination made under the provisions of this title shall operate as a disqualification of any youth subsequently to hold public office, public employment, or as a forfeiture of any right or privilege or to receive any license granted by public authority; and no youth shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction.”

. It is worth nothing that, under the revised version of that section, recently incorporated into the new Penal Law (L. 1965, ch. 1030, eff. Sept. 1, 1967), a defendant’s previous conviction is not counted unless a sentence of imprisonment in excess of one year was imposed and the defendant was actually imprisoned under such circumstances (§ 70.10, subd. 1, par. [b]).