OPINION OF THE COURT
John C. Couzens, J.
By Indictment No. 80-00004-01 the defendant was charged with the crimes of robbery in the third degree and grand larceny in the second degree (two counts). On May 30, 1980, the defendant appeared before this court, withdrew her previously entered plea of not guilty and entered a plea of guilty to robbery in the third degree, in full satisfaction of the indictment. The matter was thereafter adjourned for sentencing. However, on the date set therefor, the defendant, duly served by the People with a predicate felony conviction statement, challenged the prior felony conviction. It was the defendant’s contention that the conviction was a “YO” (youthful offender) and thus could not serve as a predicate.
On July 8, 1980, a hearing thereon was held before this court pursuant to CPL 400.21 (subd 5). It was the People’s contention that the defendant had been convicted of the crime of theft of postal service. (US Code, tit 18, § 641) *1008 in the United States District Court for the Southern District of New York on July 23, 1976. In support thereof, the People introduced into evidence without objection two certified copies of the judgment and probation/commitment order of the United States District Court. The People’s Exhibit No. 1 establishes that on April 9, 1976, the defendant, upon her plea of guilty, was convicted of the offense of unlawfully, willfully and knowingly stealing, purloining and converting a thing of value of the United States, to wit, approximately $660 belonging to and in possession of the United States Postal Service. Pursuant to the Federal Youth Corrections Act (US Code, tit 18, § 5005 et seq. the defendant was sentenced as a “Youthful Offender”, that is, the imposition of sentence was suspended and she was placed on probation for a period of three years (US Code, tit 18, § 5010, subd [a]). The People’s Exhibit No. 2 further establishes that on July 23, 1976, the probation of April 9,1976, and the suspension of the imposition of sentence were revoked upon the admission by the defendant of a violation of probation. The defendant was committed pursuant to subdivision (b) of section 5010 to the custody of the Attorney General for treatment and supervision at the Federal Correction Institution, Lexington, Kentucky, until discharged by the Federal Youth Correction Division of the Board of Parole, as provided in subdivision (c) of section 5017.[1] It is this conviction upon her resentencing that the People contend is a predicate felony conviction as defined in section 70.06 of the Penal Law and on the basis of which the defendant may be sentenced as a second felony offender.
The People also offered the testimony of Inez Grant, a United States Probation Officer with the Probation Department for the Southern District of New York. She testified substantially to the facts contained in the People’s Exhibits Nos. 1 and 2. She further testified that the defendant was incarcerated in the Federal correction institution for three years and that, pursuant to subdivision (c) of section 5017, she was paroled on August 10, 1979. In October, 1979, the *1009 defendant came under her parole supervision where she still remains. However, the defendant is currently in the process of having her parole revoked and a Federal warrant has been filed.[2] The defendant remains under the supervision of the Attorney General. She has not been discharged by the United States Parole Commission (pursuant to US Code, tit 18, § 5017, subd [c]). Nor has the defendant’s conviction been set aside (pursuant to US Code, tit 18, § 5021, subd [a]). Nevertheless, the possibility remains that prior to the expiration of the maximum sentence imposed on her, the defendant remains eligible and could be discharged unconditionally pursuant to these statutory provisions.
The defendant presented no witnesses and introduced no evidence.
At the conclusion of the hearing the People argued that, in the absence of an unconditional discharge (and the concomitant certificate setting aside the conviction) the defendant should be sentenced as a second felony offender. The defendant argued that the prior conviction could not serve as a predicate for three reasons. The court must reject them all.
First, the defendant contends that the conviction on April 9, 1976, was obtained in violation of the defendant’s constitutional rights in that she was without counsel. The defendant relies on People’s Exhibit No. I.[3] The court cannot agree. Rather than establishing that the defendant was without counsel, the record is silent with respect thereto. However, the court finds this in no way relevant to its determination.[4] The People have relied not upon the judgment of conviction reflected in Exhibit No. 1, but, rather, upon the resentencing which occurred on July 23, 1976, as reflected in Exhibit No. 2, where there is the unequivocal *1010 and unchallenged indication that the defendant appeared with (named) counsel. Thus, the court concludes that the People have met their burden of proving that such predicated felony conviction was constitutionally obtained (CPL 400.21, subd 7, pars [a], [b]). The defendant has failed to set forth any other factual allegations to support a claim of the unconstitutionality of the conviction (cf. People v Spencer, 32 NY2d 446).
The defendant also argues that the sentencing court failed to make a finding that the defendant would not benefit from probation at the time a sentence of incarceration was imposed on July 23,1976. This court can find no statutory requirement therefor. Rather, a finding that a youth will not “derive benefit” need only be made if the sentencing court does not sentence the offender under the Youth Corrections Act (US Code, tit 18, § 5010, subd [b] or [c]) but chooses instead to impose sentence under “any other applicable penalty provision” (US Code, tit 18, § 5010, subd [d]). Sentence was, in fact, imposed under the act (US Code, tit 18, § 5010, subd [b]) and thus no such finding was necessary (Dorszynski v United States, 418 US 424). Indeed the sentencing court necessarily found that the defendant would benefit from treatment and supervision under the act.
Finally, the defendant argues that-her continued eligibility for a discharge and the issuance of certificate vacating her conviction bar its use as a predicate. It is only this contention that warrants serious consideration by this court. Nevertheless, the court concludes that the conviction is a predicate felony conviction for reasons which will be set forth.
The issue before the court appears to be one of first impression in this State.[5] It is therefore important to determine what is as well as what is not before it. Indeed, it is *1011 what is not before this court that is determinative. That is, the defendant has not been previously adjudicated a “youthful offender” as that term is employed in CPL article 720. She neither falls within the definition thereof (CPL 720.10) nor the sentencing provisions therefor (CPL 720.20). Rather, the defendant has been sentenced as a “youth offender” pursuant to the Federal Youth Corrections Act. The distinction is not merely one of semantics. However, it may, at first blush, be belied by the similarity of purpose to be served by CPL article 720 and the Federal act.
Briefly, the Federal Youth Corrections Act was designed to enlarge the sentencing options of the Federal trial courts and provide further discretionary use of a system for the sentencing and treatment of “youth offenders” between 16 and 22 years of age (US Code, tit 18, §§ 4216, 5006, subd [d]). The act permits the substitution of correctional rehabilitation rather than retributive punishment in an attempt to restore normal behavior patterns (US Code, tit 18, § 5006, subd [¶]; § 5010; Dorszynski v United States, 418 US 424, later opp after remand to US Dist Ct 524 F2d 190, cert den 424 US 977, supra; see, generally, United States v Buechler, 557 F2d 1002; United States v Hayes, 474 F2d 965; Watts v Hadden, 469 F Supp 223; United States v Glasgow, 389 F Supp 217; Guidry v United States, 317 F Supp 1110, affd 433 F2d 968). The act seeks to enhance the probability of rehabilitation and thereby attain its goal in part by providing that the conviction of a youthful offender is automatically set aside if his conduct following conviction leads the court or the parole commission, in the exercise of its discretion, to discharge him unconditionally from probation or parole, respectively, prior to the expiration of the maximum period fixed at sentencing (US Code, tit 18, §§ 5017, 5010; see United States v Doe, 556 F2d 391; United States v Bronson, 449 F2d 302, cert den 405 US 994; Tatum v United States, 310 F2d 854; United States v Hall, 452 F Supp 1008; United States v Glasgow, supra). Thus, upon satisfying the requirements of the act, the youth offender is relieved of the disabilities attendant a criminal conviction and is restored to his status quo ante (United States v Fryer, 402 F Supp 831, affd 545 F2d 11).
Clearly, the Federal statute is not the counterpart of the *1012 New York statutory provisions for “youthful offenders” (cf. United States v Canniff, 521 F2d 565, 569, cert den sub nom. Benigno v United States, 423 US 1059; Guidry v United States, supra, át p 1112). It differs in both its mode and time of operation. The difference is indeed what is determinative in the case at bar.[6] While in New York the statutory provisions are operative at the time of sentence and the conviction is immediately deemed vacated and replaced by a youthful offender finding (CPL 720.20, subd 3), the Federal scheme envisions such a determination in futuro, with the conviction vacated ab initia. However, the availability of this relief remains an uncertain contingency, dependent upon a discretionary act of the court or parole commission (US Code, tit 18, §§ 5017, 5021; see United States v Bronson, supra, at p 305; Coats v United States, 405 F Supp 1107; Guidry v United States, supra). Thus, unless and until the “youth offender” is unconditionally discharged before the expiration of the maximum sentence imposed or the period of probation theretofore fixed by the court, the offender stands convicted of a crime (see United States v Ashley, 569 F2d 975, reh den 573 F2d 85, cert den 439 US 853; Briscoe v United States, 391 F2d 984; Hernandez-Valensuela v Rosenberg, 304 F2d 639; State v Pacheco, 121 Ariz 88; cf. United States v Canniff, supra, at p 569; Cassity v United States, 521 F2d 1320, 1323; cf. People v Garcia, 93 Misc 2d 667; United States v Maggard, 573 F2d 926, 928; United States v Purgason, 565 F2d 1279; United States v Fryer, supra).
Accordingly, this court finds that the fact that the challenged judgment of conviction was imposed under the Youth Corrections Act does not change the quality of the defendant’s admission of guilt, by a plea of guilty, to a felony offense. She has entered her plea to a violation of section *1013 641 of title 18 of the United States Code, not to a violation of chapter 402 (US Code, tit 18, § 5005 et seq. [Federal Youth Corrections Act]). The defendant has not been unconditionally discharged by the United States Parole Commission nor issued the concomitant certificate vacating the conviction.[7] Simply put, she presently stands convicted of a crime. That crime is a felony conviction under the statutory scheme now applicable (Penal Law, § 70.06, subd 1, par [b]). The court concludes, therefore, that the defendant must be sentenced as a second felony offender (CPL 400.21; Penal Law, § 70.06).

. The court notes that there no longer is a Youth Correction Division of the Board of Parole. Youth Correction decisions are now made by the United States Parole Commission (90 US Stat 231, eff 60 days after March 15, 1976; see US Code, tit 18, §§ 5005, 5006, subd [a]).

. The defendant was arrested on the instant Westchester County charges on November 27,1979, and remains incarcerated at the Westchester County Jail.

. The judgment and probation/commitment order contains a section entitled “counsel” with appropriate sections to indicate either a waiver of the right to counsel or the appearance of named counsel.

. In any event, Ms. Grant testified, without objection, that the defendant had been represented by counsel on April 9, 1976. Such knowledge thereof had been gleaned from official court records and reports which she did have in her possession at the time of the hearing.

. The court’s attention has been directed to People v Garcia (93 Misc 2d 667). However, the Supreme Court, New York County, was there presented with the legal implications of an “unconditional discharge” from probation and the issuance of a certificate pursuant to subdivision (b) of section 5021 of the act. The court, quite properly, concluded that such discharge precluded the use of the Federal “conviction” as a predicate felony under section 70.06 of the Penal Law. The operative facts before this court substantially differ.

. The proceedings in the Federal courts most analogous to this State’s youthful offender procedure are those provided for in the Juvenile Delinquency Act (US Code, tit 18, §§ 5031-5042). Like the New York provisions, an adjudication in a Federal court as a juvenile offender (US Code, tit 18, § 5031; CPL 720.10) is not deemed a criminal conviction (see United States v Canniff, supra; Fagerstrom v United States, 311 F2d 717). Further, the purpose of a Federal delinquency proceeding, as in New York, is to avoid the stigma of a prior criminal conviction (US Code, tit 18, §§5032, 5038; CPL 720.35; see United States v Canniff, supra; Cotton v United States, 355 F2d 480).

. To the contrary, as heretofore set forth, the defendant presently faces a parole revocation hearing in the Federal court. Though not in any way relevant to the instant determination, this court finds that the probability of the defendant being so discharged prior to the expiration of the maximum sentence imposed upon her is, at best, remote.