■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DUFFY, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Garbarino, J.), imposed September 9, 1977, upon his conviction of robbery in the third degree, upon a plea of guilty, the sentence being an indeterminate term of imprisonment of two to four years, as a prior felony offender. Sentence affirmed. On May 24, 1977 defendant pleaded guilty to the crime of robbery in the third degree. At the sentencing on September 9, 1977, the People requested that defendant be sentenced as a predicate felon based on a prior Federal conviction, dated January 4, 1974, of the crime of possession with intent to distribute barbiturates. Defendant argued that since he had received a suspended sentence of probation for the Federal offense pursuant to the Federal Youth Corrections Act (FYCA) (see US Code, tit 18, § 5010, subd [a]), that conviction was not a final one and could not constitute a predicate felony in New York. The court rejected the argument and sentenced defendant as a predicate felon. On this appeal, defendant attacks the legality of the sentence, contending that a conviction pursuant to the FYCA is the functional equivalent of a youthful offender adjudication in New York (CPL art 720) and, therefore, under the principles set forth in *People v Carpenteur* (21 NY2d 571), the Federal conviction cannot constitute a valid predicate felony. We disagree. The defendant in *Carpenteur* was 18 when he was convicted in California of the crime of robbery and remanded to the California Youth Authority in lieu of sentencing. Under California's enforcement of sentence statute, that disposition did not represent a predicate felony. The *Carpenteur* court reaffirmed that it is the law of New York and not that of the foreign jurisdiction which determines whether a conviction will be considered a predicate felony. It noted, however, that had the California crime been committed in this State, a felony conviction would not necessarily have been the result since the defendant would have been eligible for youthful offender status under New York law as well. In view of defendant's eligibility for such treatment in this State and the similarity of the statutes and their underlying policy considerations, the *Carpenteur* court held that the California determination would be accorded the same effect as if the adjudication had been pursuant to New York's youthful offender provisions. The instant case is distinguishable from *Carpenteur,* however. Under title 18 (§ 5006, subd [d]) of the United States Code, an FYCA disposition is available to youths under the age of 22 years at the time of conviction; defendant was 20 at the time of the Federal offense. In contrast, youthful offender treatment in New York is available to persons between the ages of 16 and 19 at the time the crime was committed. Therefore, and unlike *Carpenteur,* the current defendant would not have been eligible for youthful offender status had he been prosecuted in New York, and conviction on the charge of possession with intent to distribute barbiturates would have rendered him a felon. In this State, a conviction resulting in a suspended sentence is to be deemed a valid predicate felony conviction (Penal Law, § 70.06, subd 1, par [b], cl [iii]). Since it is New York law which controls (see *People v Carpenteur, supra),* defendant was properly sentenced as a prior felony offender. There are further distinctions between the two statutory schemes which compel the result we have reached. Under the Federal law, a defendant under the age of 22 at the time of conviction ("youth offender") is eligible for sentencing pursuant to the FYCA (US Code, tit 18, § 5006, subd [d]). Although the court may impose a suspended sentence of

probation which may ultimately be expunged (US Code, tit 18, § 5010, subd [a]; §§ 5017, 5011) — an avenue no longer available to this defendant — prior to expunction, defendant remains convicted of a crime (see *People v Celli,* 105 Misc 2d 1005, 1008-1011; *United States v Canniff,* 521 F2d 565, 569, n 2, cert den *sub nom. Benigno v United States,* 423 US 1059); the official records are not sealed, and the conviction may be used for purposes of impeachment (see *United States v Canniff, supra; United States v Ashley,* 569 F2d 975, 978, reh den 573 F2d 85, cert den 439 US 853; *United States v McMains,* 540 F2d 387). But in New York, a youthful offender determination pursuant to CPL article 720 is not a conviction; it may not be used for purposes of impeachment, and it results in the sealing of all official records in connection with the case (CPL 720.35; *People v Cook,* 37 NY2d 591). Although the purpose of both statutory schemes is to provide alternatives in the sentencing of youthful defendants, it is apparent that the FYCA does not contemplate the far-reaching relief provided by CPL article 720 and a defendant sentenced under the former stands convicted of a crime. Hence, the defendant was properly sentenced (see *People v Celli, supra; Perrin v State,* 198 Kan 650). Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.