■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY O'D., Appellant. — Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Rockland County (Miller, J.), imposed June 14, 1982, which, upon revocation of a youthful offender adjudication made upon defendant's plea of guilty to burglary in the third degree, and the sentence of five years' probation imposed thereon, was a definite term of one-year imprisonment. Amended sentence modified, on the law, by deleting therefrom the provision revoking the adjudication of defendant as a youthful offender and by revoking the previously imposed 15-day jail term. As so modified, amended sentence affirmed. On May 27, 1981, defendant was adjudicated a youthful offender upon his plea of guilty to the crime of burglary in the third degree, and was sentenced to 15 days in jail and five years' probation. Subsequently, he was charged with violating the conditions of his probation, as a result of his (1) failure to report to his parole officer, (2) failure to provide verification of employment or employment search, (3) failure to attend sessions of the Rockland County Mental Health Clinic alcohol and drug abuse evaluation and education program, and (4) convictions for disorderly conduct, leaving the scene of an accident, and driving without a license. After defendant pleaded guilty to those violations, the court revoked the youthful offender adjudication and the sentence of probation imposed thereon, and imposed a definite sentence of one-year imprisonment. While CPL 410.70 (subd 5) permits the court to revoke the sentence of probation and to impose an amended sentence in accordance with section 60.01 of the Penal Law, the court was not empowered to convert a youthful offender adjudication (CPL 720.35, subd 1), into a judgment of conviction. Accordingly, the amended sentence must be modified to delete the revocation of defendant's youthful offender adjudication. With this modification, we do not view the amended sentence as excessive (see *People v Suitte,* 90 AD2d 80). Before imposing the definite sentence of one-year imprisonment, the court should also have vacated the previously imposed 15-day jail term (Penal Law, § 70.00, subd 4; § 70.30, subd 5). Mollen, P. J., Lazer, Bracken and Brown, JJ., concur.