OPINION OF THE COURT
Benjamin Altman, J.
Can a Federally judicially decreed youthful offender adjudication which becomes a felony as a result of the youth’s postdecree behavior become a felony under New York State law?
Defendant had been indicted in 1982 under indictment No. 1774/82 for the criminal sale of a controlled substance in the third degree and at the call of the Supreme Court Calendar, the prosecution and defense counsel agreed upon a plea bargain subject to the court’s approval. The defendant was accused of selling several Valium pills to an undercover police officer. The People were willing to have the defendant plead to criminal sale of a controlled substance in the fifth degree and would not object to the court sentencing the defendant to five years’ probation.
In checking the defendant’s record, the court found that back in 1973, the defendant had a Federal felony arrest for which he received youthful offender treatment under the Federal Youth Corrections Act (US Code, tit 18, § 5005 et seq.). The court accepted the proffered plea and a promise was made by the court that at time of sentence defendant would receive five years’ probation.
*133 On the day of sentence, the Probation Department presentence report had this message for the court:
“This defendant has a federal felony conviction in 1973 for which he received Youth Corrections Act Treatment. Their representative stated that he forfeited the Youth Correction Act Adjudication when he violated parole and his sentence is considered a felony conviction.
“If this is so then he would be eligible for sentencing as a second felony offender and incarceration would be mandatory.” (Emphasis added.)
The People, upon confirmation of such information, felt constrained to move to have defendant sentenced as a second felony offender. The defendant asked that his plea be set aside. Both sides indicated that the original plea was a fair one especially in view of the character and kind of controlled substance sold. Nevertheless, the People felt bound by law to insist on incarceration based on the nonyouthful offender existence and the defendant’s present felony status under Federal law. New York law under CPL 720.35 (subd 1) states: “1. A youthful offender adjudication is not a judgment of conviction for a crime or any other offense, and does not operate as a disqualification of any person so adjudged to hold public office or public employment or to receive any license granted by public authority.”
It is the criminal act which is the determining factor; how it was performed and the defendant’s age and involvement in it. Once a youthful offender decision has been made, such determination cannot be changed, under our law, and the youth cannot become a felon because of subsequent behavior.
In a recent Rockland County case, the court revoked its original youthful offender adjudication. The defendant had been granted youthful offender and given five years’ probation. Thereafter he was arrested on disorderly conduct and leaving the scene of an accident and charged with violating his probation on additional grounds (not connected with his arrest). After the defendant pleaded guilty to the violations of probation, the Rockland County Court Judge revoked the youthful offender adjudication and the sentence of probation imposed and then imposed imprisonment.
*134 The Appellate Division, Second Department, in reversing the Trial Judge said that he had no power to revoke youthful offender. It said in People u Gary O’D. (93 AD2d 841): “While CPL 410.70 (subd 5) permits the court to revoke the sentence of probation and to impose an amended sentence in accordance with section 60.01 of the Penal Law, the court was not empowered to convert a youthful offender adjudication (CPL 720.35, subd 1), into a judgment of conviction. Accordingly, the amended sentence must be modified to delete the revocation of defendant’s youthful offender adjudication.”
The Federal law and rules are contrary to New York State law. Once a youth is declared a youthful offender he has no felony record and the youth’s record as to that incident is closed and sealed. No one can change that and there is no mechanism in this State to do that. Hence, this court does not subscribe to the Federal law of postact behavior.
Consequently, People’s motion to have defendant declared a predicate felon and sentenced as a second felony violator is denied and the promise made by the court will be kept.