■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court,

Kings County (Beldock, J.), rendered May 14, 1981, convicting him of robbery in the first degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ The questions to be resolved on this appeal are, *inter alia,* whether: (1) the use of defendant's prior Federal offense to impeach his credibility constituted prejudicial error because defendant had been treated as a youth offender under the Federal Youth Corrections Act (US Code, tit 18, § 5005 *et seq.*) and (2) defendant was deprived of effective assistance of counsel because counsel was unaware, until after the trial, that defendant was adjudicated a youth offender with respect to that offense. ¶ Neither the court, defense counsel, nor the prosecuting attorney was aware that defendant was treated as a youth offender on his prior Federal offense until defendant was sentenced for the instant crimes. The trial court therefore permitted the prosecuting attorney to use this Federal offense to impeach the defendant's credibility in accordance with its ruling on defendant's *Sandoval* motion (see *People v Sandoval,* 34 NY2d 371), although it did not permit him to ask the defendant about the underlying facts. This use on cross-examination was permissible because an adjudication under the Federal Youth Corrections Act, unlike a finding of delinquency under the Juvenile Delinquency Act (US Code, tit 18, § 5031 *et seq.*) or a youthful offender adjudication under New York law (CPL art 720), is a criminal conviction which may be used to attack credibility in a later proceeding (see *United States v Ashley,* 569 F2d 975, 978; *United States v Caniff,* 521 F2d 565, 569, n 2, cert den *sub nom. Benigno v United States,* 423 US 1059). ¶ With respect to defendant's claim on this appeal that his conviction of the Federal offense may have been set aside and expunged, we note that defendant bore the burden at the *Sandoval* hearing of establishing such an expungement and that he failed to do so. In any event, any error in this respect would be harmless in light of the overwhelming proof of the defendant's guilt and the slim likelihood that the error contributed to the jury's verdict (*People v Crimmins,* 36 NY2d 230). The defendant was apprehended by a disinterested bystander shortly after the robbery was committed, within a few blocks of the bank in front of which the robbery occurred, and in possession of the stolen property. In addition, the gun which the defendant displayed was recovered from the ground in front of the bank within a few minutes after the robbery. ¶ Defendant's argument that he was deprived of effective assistance of counsel is also without merit. We agree that defense counsel should have ascertained, before the *Sandoval* hearing, that his client was treated as a youth offender under the Federal Youth Corrections Act with respect to his Federal conviction and whether or not that conviction was expunged. Nonetheless, the record, viewed in its entirety, reveals that defendant was afforded meaningful representation (see *People v Baldi,* 54 NY2d 137). ¶ At trial, defense counsel made numerous objections which were sustained by the court and he vigorously cross-examined the People's witnesses. Counsel's summation and sentencing argument were also competent. That his trial strategy ultimately proved unsuccessful does not indicate that his representation of the defendant was anything less than reasonably competent (see *People v Shannon,* 92 AD2d 554; *People v Jackson,* 74 AD2d 585, affd 52 NY2d 1027). ¶ We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.