■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD MOSKOWITZ, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Egitto, J.), imposed October 4, 1982, upon his conviction of attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of 1½ to 3 years, as a prior felony offender. ¶ Sentence affirmed. ¶ On April 29, 1982, defendant pleaded guilty to the crime of attempted criminal sale of a controlled substance in the fifth degree in satisfaction of a four-count indictment. Prior to sentencing, the People filed a predicate felony statement based upon defendant's prior Federal conviction, rendered May 10, 1979, of the crime of bank robbery in the first degree. Defendant had been sentenced to three years' probation for the Federal offense pursuant to the Federal Youth Corrections Act (see US Code, tit 18, § 5010, subd [a]). In view of his plea of guilty in the instant case, defendant's probation was extended until May 9, 1983. ¶ Until a "youth offender" under the Federal Youthful Offender Act is unconditionally discharged before the expiration of the maximum sentence imposed or the period of probation theretofore fixed by the court, the offender stands convicted of a crime (*People v Celli*, 105 Misc 2d 1005, 1010, affd 91 AD2d 1071; cf. *United States v Fryer*, 545 F2d 11; *People v Garcia*, 93 Misc 2d 667; cf. *People v Rivera*, 100 AD2d 914). In the instant case, there was no unconditional discharge under the Federal Youthful Offender Act prior to defendant's commission of the instant offense. Nor was defendant issued a certificate vacating the conviction (US Code, tit 18, § 5021, subd [b]). Therefore defendant was properly sentenced as a prior felony offender (see *People v Duffy*, 83 AD2d 563). Contrary to defendant's assertion, this is not a situation where the sentencing court was impermissibly attempting to convert a youthful offender adjudication into a judgment of conviction (*People v Gary O'D.*, 93 AD2d 841; cf. *People v Mervin*, 119 Misc 2d 132). Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RAIA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Ferraro, J.), rendered November 22, 1982, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We find that the police conduct was justified as it was reasonably related in scope to the circumstances. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RESTITUTO ROMERO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered November 26, 1982, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and sentencing him to a term of imprisonment of one year. ¶ Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to time already served. As so modified, judgment affirmed. ¶ The sentence was excessive to the extent indicated. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.