■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAMILTON, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County (Boklan, J.), imposed March 24, 1983, on his plea of guilty, upon his conviction of attempted burglary in the second degree, the sentence being an indeterminate term of imprisonment of 3½ to 7 years, after his adjudication as a second felony offender.

Sentence affirmed.

Defendant was sentenced as a predicate felon based upon a prior robbery conviction in the State of Indiana. He was 17 years

old at the time that offense was committed, but he concedes that he was convicted in Indiana as an adult. However, defendant now argues that if that offense had been committed in New York he would have been eligible for youthful offender treatment and, if such treatment had been granted, he could not have been sentenced upon his present conviction as a second felony offender. Therefore, defendant contends that the Indiana conviction does not constitute a predicate felony as defined in section 70.06 (subd 1, par [b]) of the Penal Law. We disagree.

Where a defendant was actually accorded youthful offender treatment on a prior conviction by a sentencing court in another jurisdiction, and where that defendant would have been eligible for youthful offender status under New York law as well, the foreign conviction does not constitute a predicate felony in this State (*People v Carpenteur,* 21 NY2d 571; cf. *People v Duffy,* 83 AD2d 563). However, where youthful offender treatment was not accorded in the foreign jurisdiction, the fact that defendant would have been eligible for youthful offender treatment had the offense been committed in New York does not preclude the use of such conviction in this State as a predicate felony (*People v Treadwell,* 80 AD2d 697). Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.