OPINION OF THE COURT
Harold Beeler, J.
The issue, of apparent first impression, presented in this felony narcotics prosecution concerns the effect of an out-of-State "juvenile adjudication” on a defendant’s eligibility for youthful offender treatment under CPL 720.10 (2). Specifically, the court is called on here to determine whether this 18-year-old defendant is an "eligible youth” under CPL 720.10 (2) notwithstanding a prior "juvenile adjudication” in Pennsylvania for an apparent felony-level offense committed when he was 17 years old.
Defendant pleaded guilty in the instant case on June 28, 1993 to the crime of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and was promised a sentence of five years’ probation and youthful offender treatment, provided defendant was found to be eligible for such treatment. On the scheduled sentence date, the court learned that defendant had a 1992 "juvenile adjudication” in Pennsylvania for the offense of possession of heroin with intent to deliver (35 Pa Cons Stat § 780-113 [a] [30]) pursuant to which defendant was sentenced to a one-year period of probation. This court postponed defendant’s sentencing to give the parties an opportunity to address the question of defendant’s eligibility for youthful offender treatment in light of his prior Pennsylvania juvenile adjudication.
Having reviewed the relevant portions of the record of defendant’s prior Pennsylvania case, and upon careful consideration of the pertinent statutory and decisional law of both New York and Pennsylvania, this court finds, as previously set forth in its oral ruling of October 22, 1993, that defendant is eligible for youthful offender treatment in that defendant is an "eligible youth” within the meaning of CPL 720.10.
To be properly considered for youthful offender treatment in New York, a defendant must, at the time of conviction on a felony or misdemeanor, be an "eligible youth” which is defined, in pertinent part, as follows: " 'Youth’ means a person charged with a crime alleged to have been committed when he was at least sixteen years old and less than nineteen years old * * * 'Eligible Youth’ means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless *335 * * * such youth has previously been convicted and sentenced for a felony, or * * * such youth has previously been adjudicated a youthful offender following conviction of a felony or has been adjudicated * * * a juvenile delinquent who committed a designated felony act as defined in the family court act.” (CPL 720.10 [1], [2] [a], [b], [c]; see also, People v Cecil Z., 57 NY2d 899.)
It is undisputed that, at the time of his conviction in this case, defendant had not "previously been convicted and sentenced for a felony” in New York, and had not "previously been adjudicated a youthful offender following conviction of a felony” in this State. Nor has defendant ever been adjudicated a "juvenile delinquent” for a "designated felony act as defined in the family court act” of this State (see, CPL 720.10 [2] [b], [c]; Family Ct Act § 301.2 [8]).
The question presented, therefore, is whether defendant’s 1992 "juvenile adjudication” in Pennsylvania constitutes either a prior "felony conviction” or a prior youthful offender adjudication "following conviction of a felony” such as would render defendant ineligible for youthful offender treatment in the instant case.
At the outset, it is clear that the offense underlying defendant’s Pennsylvania adjudication — possession of heroin with intent to deliver — is considered a felony-level offense in that State (see, 35 Pa Cons Stat § 780-113 [a] [30]; [f] [1]). Further, inasmuch as a violation of that drug statute is punishable in Pennsylvania by a jail term up to 15 years for an adult offender (35 Pa Cons Stat § 780-113 [f] [1]), the Pennsylvania crime would also qualify as a "felony” under this State’s Penal Law (i.e., "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed”) (see, Penal Law § 10.00 [5]).
A review of the record of defendant’s 1992 Pennsylvania adjudication, however, reveals that, while defendant was found guilty in a juvenile court proceeding of possession of heroin with intent to distribute, and was "adjudicated delinquent,” he was never actually "convicted” of that, or of any, crime. In this regard, subdivision (A) of 42 Pa Cons Stat § 6354 of Pennsylvania’s Juvenile Act expressly provides that "[a]n order of disposition or other adjudication in a proceeding under this chapter is not conviction of crime and does not impose any civil disability ordinarily resulting from a conviction” (emphasis added; see also, In Interest of Wilson, 367 Pa *336 Super 321, 532 A2d 1167; appeal denied 520 Pa 594, 598, 552 A2d 249, 252; cf., Commonwealth v Baker, 531 Pa 541, 614 A2d 663).
Accordingly, this court finds that defendant’s prior Pennsylvania adjudication poses no legal impediment to defendant’s being found an "eligible youth” under CPL 720.10 since, at the time of defendant’s plea in this case, he had not previously been convicted of a felony and had not previously been adjudicated a youthful offender following conviction of a felony (see, CPL 720.10 [2] [b], [c]). This is true, moreover, notwithstanding the fact that defendant’s foreign juvenile adjudication, rendered when defendant was 17 years old, might well be deemed the "functional equivalent” of a prior youthful offender adjudication under CPL 720.10 (2) (c).
The court notes in this regard that, while Pennsylvania has no specific "youthful offender” designation or statute, it has established, within its Court of Common Pleas, a Juvenile Court Division having original jurisdiction over crimes, including misdemeanors and felonies (other than murder) committed by "children” under the age of 18 (see, Official Comment, 1976, 42 Pa Cons Stat § 6302). Under Pennsylvania’s Juvenile Court scheme, an age-eligible defendant can, by virtue of the aforementioned effects of 42 Pa Cons Stat § 6354 (A), avoid the stigma of a criminal conviction for conduct that would otherwise constitute a felony or misdemeanor in that State.
Although there is no express statutory limit to the number of "juvenile adjudications” available to a repeat offender in Pennsylvania’s Juvenile Court, the court does possess the statutory discretion to "transfer” a child’s case to criminal court when it determines, following a hearing, that the child should be prosecuted as an adult (see, 42 Pa Cons Stat § 6355 ["Transfer to criminal proceedings”]). Pursuant to this "transfer” provision, "[i]f the child is fourteen years of age or older, not amenable to treatment under the juvenile system, and the charge could carry imprisonment of three years or more, inter alia, then the child may be transferred to criminal court and tried as an adult.” (Commonwealth v Baker, supra, 531 Pa, at 572, 614 A2d, at 678 [concurring and dissenting opn of Nix, Ch. J.].)
Once a child is convicted of a crime as an adult, either following a transfer proceeding or otherwise, the Pennsylvania Juvenile Court loses jurisdiction over future criminal prosecutions involving the child, and the child consequently loses his *337 eligibility for any further "juvenile adjudications” (see, definition of "Delinquent Act”, 42 Pa Cons Stat § 6302, as amended; see also, Commonwealth v Harvin, 399 Pa Super 68, 581 A2d 929).
While there are obvious differences between Pennsylvania’s Juvenile Court proceedings and New York’s youthful offender law — most notably Pennsylvania’s refusal to automatically limit a juvenile to only one felony-level "juvenile adjudication” (compare, CPL 720.10 [2] [c]) — the fact remains that the practical effect of a Pennsylvania "juvenile adjudication” is virtually indistinguishable from a youthful offender adjudication in this State (see, CPL 720.35 [1] [providing, inter alia, that "(a) youthful offender adjudication is not a judgment of conviction for a crime or any other offense”]).
Moreover, to the extent New York’s youthful offender statute expressly permits the sentencing court to exercise its discretion to deny youthful offender treatment following conviction of a felony, even where the youth is legally eligible to receive such treatment (see, CPL 720.20 [1] [a]), the New York statute further parallels its foreign counterpart which, as noted, permits the Pennsylvania Juvenile Court to "remove” certain cases to criminal court when it determines that juvenile treatment would be inappropriate. (See, 42 Pa Cons Stat § 6355.)
Finally, and perhaps most important, the policy concerns underlying the Pennsylvania Juvenile statute, i.e., "to remove from children committing delinquent acts the consequences of criminal behavior, and to substitute therefor a program of supervision, care and rehabilitation” (42 Pa Cons Stat § 6301 [B] [2]) are nearly identical to the concerns addressed by our own youthful offender law, which seeks to "salvage the productive lives” of youths who commit crimes and spare them "a criminal history with its obvious consequences” (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 720.10, at 217).
In spite of the noted similarities between the Pennsylvania and New York statutory schemes, and the similar policy considerations underlying each, this court remains unpersuaded that defendant’s prior foreign "juvenile adjudication” should preclude his being found an "eligible youth” under CPL 720.10 (2) (c).
Put simply, had the New York Legislature intended to exclude from the CPL 720.10 (2) definition of "eligible youth” *338 those defendants who had received a prior foreign youthful offender adjudication or its "functional equivalent”, it could easily have inserted a reference thereto in the body of the statute. In this court’s view, the failure to include any reference whatsoever to a prior out-of-State felony youthful offender adjudication or its "functional equivalent” in CPL 720.10 (2) (c) evinces a clear legislative intent to limit the exclusionary language of that section to only those defendants who had previously been granted youthful offender treatment for a felony offense under this State’s youthful offender law.
On its face the language of CPL 720.10 (2) (c) clearly supports this construction. Specifically, the Legislature’s use of the phrase "following conviction of a felony” in subdivision (2) (c) comports with the precisely drawn procedural language of article 720, pursuant to which an "eligible youth” actually stands "convicted” of the underlying felony in the first instance and, only afterward (i.e., at sentencing), is his conviction "vacated” and "replaced” by a "youthful offender finding” (see, CPL 720.20 [1], [3]).
This court’s holding — that a youthful offender adjudication, or its equivalent, does not operate to deprive a defendant of his eligibility for youthful offender treatment under CPL 720.10 (2) (c) — should not be interpreted to suggest that all foreign youthful offender adjudications are of no legal consequence in this State. To the contrary, it has long been held under New York’s second felony offender sentencing laws that, "[wjhere a defendant was actually accorded youthful offender treatment on a prior conviction by a sentencing court in another jurisdiction, and where that defendant would have been eligible for youthful offender status under New York law as well, the foreign conviction does not constitute a predicate felony in this State” (People v Hamilton, 104 AD2d 1048, 1049; see also, People v Carpenteur, 21 NY2d 571; cf., People v Duffy, 83 AD2d 563).
Although the rationale for this predicate sentencing rule has been linked to constitutional principles of "full faith and credit” (see, Matter of Farmland Dairies v Barber, 65 NY2d 51, 57; see also, People v Burgos, 98 Misc 2d 923), its application in the context of our second felony offender law is derived from the plain language of the State predicate statute itself which, in direct contrast to this State’s youthful offender law, expressly requires the sentencing court to consider a defen *339 dant’s out-of-State record in determining his eligibility for sentencing as a predicate felon.
Thus, under Penal Law § 70.06 (1) (b) (i), "[t]o qualify as a predicate felony offense for purposes of sentence enhancement, a prior 'conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state’ ”. (People v Walker, 81 NY2d 661, 664; emphasis added.) The absence of any similar language in the exclusionary provision of CPL 720.10 (2) (c) makes the Legislature’s desire to limit the exclusion to only those "youths” who have previously been adjudicated a youthful offender in this State "all the more plain” (People v Walker, supra, at 665).
This court is aware of the fact that, had defendant in this case been prosecuted and convicted at age 17 for a drug felony in New York instead of Pennsylvania, he could not be an "eligible youth” in the instant matter since he would either have a prior felony conviction (see, CPL 720.10 [2] [b]; People v Vasquez, 167 AD2d 236, in which the First Department held that a Federal statute containing the element of "distribution” of a narcotic, identical to that contained in the Pennsylvania statute in the instant case, constitutes a felony under New York law) or would have previously been adjudicated a youthful offender under CPL article 720 (see, CPL 720.10 [2] [c]). The court finds, however, that this apparently disparate treatment of certain out-of-State youths is not fatal to New York’s article 720 in that it likely reflects a legislative determination, consistent with the policy underlying article 720, to accord youthful offenders every available opportunity to avoid the lasting stigma of an adult criminal conviction (cf., People v Walker, 81 NY2d 661, supra).
Further, by leaving to the sentencing court the ultimate determination as to whether youthful offender treatment should, as a matter of judicial discretion, be granted to an "eligible youth” in a given case (see, CPL 720.20), the Legislature has left ample room to correct any apparent injustice that might result.
For all the aforesaid reasons, this court finds that defendant is an "eligible youth” within the meaning of CPL 720.10 (2).