OPINION OF THE COURT
 

 Simons, J.
 

 Defendant has been resentenced as a second felony offender, using a prior Florida youthful offender conviction as the
 
 *281
 
 predicate felony, without the benefit of an updated presentence report. He contends that the failure to obtain an updated report and the use of the Florida youthful offender conviction as a predicate require reversal and resentencing. For the reasons which follow we disagree and therefore affirm.
 

 L
 

 Defendant was convicted in 1987 of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. After receiving a presentence report, County Court sentenced defendant, as an armed violent felony offender, to a term of 12M> to 25 years on the attempted murder count, a concurrent term of 5 to 15 years on the assault count, and to a consecutive term of 5 to 15 years on the weapons count.
 

 The Appellate Division modified the judgment by vacating the sentence imposed and remitted the matter for resentencing (155 AD2d 481). It held that (1) County Court erred in treating defendant’s conviction for attempted murder as an armed violent felony offense, and (2) that the sentence imposed on the weapons count should run concurrently with, not consecutively to, the other two sentences.
 

 On remand, the People filed a predicate felony offender statement pursuant to CPL 400.21 which established that defendant had been convicted in Florida of burglary in the first degree and received a sentence in excess of one year. In February 1990, County Court, without obtaining an updated presentence report, resentenced defendant as a second felony offender to concurrent terms of imprisonment of
 
 12 Vi
 
 to 25 years,
 
 7Vi
 
 to 15 years and 7
 
 Vi
 
 to 15 years.
 

 The Appellate Division affirmed, holding that where a defendant has been continually incarcerated between the time of the original sentence and the resentence, as this defendant has been, the use of an updated presentence report was discretionary, not mandatory (186 AD2d 684, 685). The Court found no merit to defendant’s contention that the prior Florida conviction could not be used as a predicate felony.
 

 IL
 

 CPL 390.20 (1) provides that "[i]n any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce
 
 *282
 
 sentence until it has received a written report of such investigation”. Defendant contends that a plain reading of the statute requires a court to obtain an updated presentence report prior to the imposition of any sentence, be it an initial sentence or a resentence.
 

 The provisions of CPL 390.20 (1) are mandatory, insofar as they apply to the initial sentencing of a person convicted of a felony
 
 (People v Selikoff,
 
 35 NY2d 227, 238,
 
 cert denied
 
 419 US 1122). The reason is "self-evident” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 390.20, at 192 [1983]): a sentencing Judge should base the sentencing decision on a full understanding of a defendant’s past, which includes a current review of factors such as a defendant’s family and social history and the results of any physical or psychiatric examinations
 
 (see generally, People v Aiss,
 
 29 NY2d 403, 405-406 [citing to former Code Crim Pro § 943];
 
 see also, People v Saez,
 
 121 AD2d 947, 948,
 
 affd
 
 69 NY2d 802). However, the statute is silent on whether an updated report is needed at resentencing and the Departments of the Appellate Division are divided on the issue
 
 (compare, People v Laster,
 
 140 AD2d 233 [1st Dept] [updated presentence report required at resentencing],
 
 with People v White,
 
 115 AD2d 313, 315 [4th Dept] [updated presentence report not required where defendant has been continuously confined between time of initial report and sentencing]). We conclude that the decision whether to obtain an updated report at resentencing is a matter resting in the sound discretion of the sentencing Judge.
 

 When a defendant comes before the court for resentencing, the proper focus of the inquiry is on defendant’s record prior to the commission of the crime. The original presentence report supplies that information and if, for any reason, the Judge considers additional information necessary, an updated report may be ordered. But to require an update in all instances does not advance the purpose of CPL 390.20 (1) and unnecessarily adds to the already heavy burden on the investigative service. This is especially true when, as here, resentencing is ordered because of a technicality and the reviewing court expresses no disagreement with the sentencing court’s evaluation of sentencing criteria or the appropriateness of the term imposed.
 

 In this case defendant had been continually incarcerated between the time of the initial sentencing and resentencing
 
 *283
 
 and at the time of his resentencing he was afforded the opportunity to supply information about his subsequent conduct. Indeed he told the sentencing Judge that he had used his time in jail productively to further his education and that he hoped to receive a college degree while serving his sentence. If the Judge thought he required additional information after hearing defendant, he could have ordered an update. There was no legal obligation that he do so, however, and we find no abuse of discretion in his determination not to update the presentence report here.
 

 ra.
 

 Defendant next contends that his Florida youthful offender conviction should not have been used as a predicate for his sentence as a second felony offender.
 

 Under Penal Law § 70.06 a person may receive an enhanced sentence as a second felony offender where the prior conviction occurred in a jurisdiction other than New York and the underlying offense would be treated as a felony if it had occurred in New York
 
 (see, People v Sailor,
 
 65 NY2d 224, 237,
 
 cert denied
 
 474 US 982;
 
 People v Gonzalez,
 
 61 NY2d 586, 589). The statute is satisfied in this case because defendant’s burglary of a home in Florida would constitute a felony if committed in New York (Penal Law § 140.20). Under New York law, however, a felony conviction of a person given youthful offender status may not be used as a predicate for enhanced sentencing (CPL 720.35;
 
 People v Lane,
 
 60 NY2d 748, 751;
 
 People ex rel. Wayburn v Schupf,
 
 39 NY2d 682, 688). Thus, defendant contends that his Florida youthful offender conviction was improperly used here. In his view, only two inquiries are relevant: was the defendant afforded youthful offender status in a foreign jurisdiction, and would the defendant have been eligible for youthful offender status in New York? If so, the prior felony cannot serve as a predicate felony in this State. He relies on
 
 People v Carpenteur
 
 (21 NY2d 571).
 

 In
 
 Carpenteur
 
 defendant was convicted in California as a youthful offender. There was no question that the offense, if committed in New York, would have been a felony and that, if the offense had been committed in New York, defendant would have been eligible for youthful offender treatment here. We held that the California conviction could not be used as a predicate crime for sentencing purposes. However, our determination rested on broader grounds than these: we first
 
 *284
 
 satisfied ourselves that the effect of being adjudicated a youthful offender in California and New York was the same. Thus, the Court noted that (1) if the defendant had committed the initial offense in New York, our courts would have had the option of treating him as a youthful offender
 
 (see,
 
 former Code Grim Pro § 913-g); (2) under California law, as in New York, the defendant’s prior youthful offender conviction could not be used in that State’s enhanced sentencing scheme; and (3) the California courts acted under a statute that was similar to New York’s and it applied policies which the People conceded were identical to ours. Only after reviewing these factors did we conclude that the defendant’s California conviction should be treated as a youthful offender conviction for New York sentencing purposes.
 

 The rule to be drawn from
 
 Carpenteur
 
 is that if the statutory schemes of the two States are similar, New York will give the foreign conviction the same force and effect in New York that it would have where entered. The California court having decided to treat the defendant as a youthful offender in
 
 Carpenteur
 
 under a statutory scheme similar to New York’s, its decision determined defendant’s status for purposes of New York’s second felony offender statute.
 

 If defendant’s contention is correct, the court’s comparison of the two statutes would have been unnecessary in
 
 Carpenteur.
 
 Under his theory, as soon as another jurisdiction treats a person as a youthful offender, New York is prohibited from using that conviction as a predicate felony, if defendant would have been eligible for similar treatment in this State. The decisive factor, however, was not the California youthful offender conviction but the similarity of the State’s schemes for handling youthful offenders.
 

 Alternatively, defendant maintains that Florida and New York, much like California and New York, have similar policies for the treatment of youthful offenders, though expressed in slightly different fashions. We find no such similarity. The decision to grant a person youthful offender status is discretionary in New York (CPL 720.20) and also in Florida (Fla Stat Annot § 958.04 [1]) but the two schemes differ substantially in other respects. Significantly, Florida treats the youthful offender’s record in the same manner as a record of adult conviction and permits a prior youthful offender conviction to be used as a predicate conviction in enhanced sentencing
 
 (see,
 
 Fla Stat Annot § 958.13 [1] [youthful offender
 
 *285
 
 record treated in same manner as adult record]; Fla Rules of Grim Pro rule 3.701). Under New York law, the court is prohibited from using a prior youthful offender conviction as a predicate and the conviction must be expunged from the record upon defendant’s being granted youthful offender status. Manifestly, the New York and Florida statutory schemes, unlike those of New York and California reviewed in
 
 Carpenteur,
 
 embody decidedly different approaches in the area of sentencing youths.
 

 That a Florida court may not have used defendant’s prior conviction in enhanced sentencing, should not and cannot control the decision in this State. The New York courts are not required to investigate the nuances of Florida’s enhanced sentencing scheme or speculate on how the prior conviction might have been used
 
 (cf., People v Sailor,
 
 65 NY2d 224, 237,
 
 supra).
 
 It is sufficient that Florida treats youthful offenders in a significantly different fashion than does New York because it allows youthful offender convictions to serve as the predicate offense in an enhanced sentencing scheme. New York courts may give equal force to such convictions. That is the rule derived from
 
 People v Carpenteur (supra).
 

 Defendant’s remaining contentions are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order affirmed.