Kevin HENSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3024.

Supreme Court of Alaska.

March 31, 1978.

Barbara J. Miracle and Sue Ellen Tatter, Asst. Public Defenders, Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

This appeal arises from a burglary conviction. Two issues are presented. First, we are asked whether one who commits a crime when eighteen years of age can be criminally prosecuted, as an adult, when he has been previously adjudged a delinquent minor and the court has retained supervisory jurisdiction over him until age nineteen. Second, we must determine whether, in this case, there was a violation of the speedy trial requirement of Rule 45, Alaska R.Crim.P.

I

■ When seventeen years of age,[1] appellant Kevin H. Henson was adjudged a "delinquent minor."[2] The superior court committed him to the custody of the Alaska Department of Health and Social Services for an indeterminate period not to exceed his nineteenth birthday, as permitted by AS

---

1. Henson was born May 7, 1957.

2. As defined by AS 47.10.290(2), a "delinquent minor" is a child under the age of eighteen years whom the court determines is within the provisions of AS 47.10.010(a)(1). The latter section applies to a minor who "violates a law

of the state, or an ordinance or regulation of a political subdivision of the state."

Both AS 47.10.290(2) and AS 47.10.010(a)(1) were amended by ch. 63 SLA 1977. These amendments need not be considered here.

47.10.080(b)(1).[3] In accordance with the court's judgment he was placed in a juvenile detention facility where he remained until November 10, 1975. On that date he was given "deferred institutional placement" status; that is, he was released on probation, subject to certain conditions governing his conduct.

On February 6, 1976, an indictment was returned by a state grand jury charging Henson with the crime of burglary not in a dwelling.[4] The burglary, according to the indictment, was committed on or about January 22, 1976, when Henson was eighteen years of age. At that time, although past his eighteenth birthday, he was still under the supervision of the superior court by virtue of its judgment in the prior delinquency proceedings.

Prior to his trial on the burglary charge, Henson moved to dismiss the indictment on the ground that the superior court lacked jurisdiction to entertain adult criminal proceedings against him. He argued that since the court had maintained jurisdiction over him until his nineteenth birthday under the authority as AS 47.10.080(b)(1), he could not be criminally prosecuted until that court waived its jurisdiction under the Children's Code,[5] upon a finding that he was not amenable to treatment as a juvenile. The motion was denied and Henson was thereafter convicted. He now renews his argument on appeal.

AS 47.10.080(g) provides in part: "[A] minor [may not] be charged with or convicted of a crime . . . , except as provided in this chapter. . . ." Accordingly, before a minor can be tried on a criminal charge, other than a misdemeanor traffic offense, the superior court must "waive" its juvenile jurisdiction in accordance with AS 47.10.060(a). That section provides:

> If a court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.

The thrust of Henson's argument is that he should have been considered a "minor," entitled to the protection of the foregoing sections, by virtue of the fact that at the time of the burglary he was still under the superior court's juvenile jurisdiction. He contends that the court, once having decided to treat him as a juvenile until age nineteen, could not thereafter allow him to be prosecuted as an adult, without first waiving its juvenile jurisdiction, and that in the absence of a finding that he was no longer amenable to treatment as a juvenile, AS 47.10.080(g) barred his prosecution for burglary.

Henson's argument, although imaginative, is not persuasive. This court has twice held that juvenile jurisdiction of the superior court in delinquency proceedings is dependent upon the age of the offender at the time of the delinquent acts.[6] In one of those cases, *P. H. v. State*, 504 P.2d 837, 841 (Alaska 1972), we said:

> [A]s a general rule, the punishment for an offense is governed by the law in effect at the time the offense is committed. More fundamentally, we note the

---

**3.** AS 47.10.080(b)(1) provides in part:

(b) If the court finds that the minor is delinquent, it shall

(1) order the minor committed to the Department of Health and Social Services for an indeterminate period of time not to extend past a specified date or in any event past the day the minor becomes 19, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment; the department shall place the minor in the juvenile facility which the department considers appropriate and which may include a juvenile correctional school, detention home, or deten-

tion facility; the minor may be released from placement or detention and placed on probation on order of the court and may also be released by the department, in its discretion,

. . . .

This section was also amended by ch. 63 SLA 1977.

**4.** AS 11.20.100.

**5.** AS 47.10.

**6.** *B. A. M. v. State*, 528 P.2d 437 (Alaska 1974); *P. H. v. State*, 504 P.2d 837 (Alaska 1972).

principal precept behind the children's court concept: that a person under eighteen years of age does not have mature judgment and may not fully realize the consequences of his acts, and that therefore he should not generally have to bear the stigma of a criminal conviction for the rest of his life.

The general rule is dispositive of the issue raised in this case.

In support of his contention that he was entitled to a waiver hearing, Henson points to the statutory provisions giving the superior court authority to continue its jurisdiction beyond a minor's eighteenth birthday. AS 47.10.100(a) provides, in pertinent part:

The court retains jurisdiction over *the case* and may at any time stay execution, modify, set aside, revoke, or enlarge a judgment or order, or grant a new hearing, in the exercise of its power of protection over the minor and for his best interest, until he becomes 19 years of age, unless sooner discharged by the court, except that the department may petition the court for continued supervision for an additional one-year, for minors who have not responded to treatment. (emphasis added).

AS 47.10.100(c) provides, in pertinent part:

If a minor is adjudicated a delinquent . . . before his 18th birthday, the court may retain jurisdiction over him after his 18th birthday *for the purpose of supervising his rehabilitation*, but the court's jurisdiction over him under this chapter never exceeds beyond his 19th birthday, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment. The department may retain jurisdiction over a child between his 18th and 19th birthdays *for the purpose of supervising his rehabilitation*, if he is committed to the custody of the department before his 18th birthday, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment. (emphasis added).

As may be seen, AS 47.10.100(a) provides for continued jurisdiction over a *specific case*, such jurisdiction being for the purpose of modifying or otherwise altering judgment in that case. AS 47.10.100(c) provides for continued jurisdiction over one adjudged a delinquent minor, but that jurisdiction is expressly limited to "the purpose of supervising his rehabilitation." Neither section purports to extend the court's juvenile jurisdiction to newly committed offenses occurring between the offender's eighteenth and nineteenth birthdays.

It is clear that the case giving rise to this appeal is entirely separate and distinct from the one leading to Kevin Henson's delinquency adjudication. The fact that the court retained jurisdiction over the first case, under AS 47.10.100(a), in no way authorized exercise of its juvenile jurisdiction on the subsequent case. Likewise, the continued jurisdiction over Henson's person under AS 47.10.100(c) being for the sole purpose of supervising his rehabilitation from his prior state of delinquency, nothing in that section purports to extend the court's juvenile jurisdiction to newly committed offenses occurring between the delinquent's eighteenth and nineteenth birthdays.

When one commits a criminal offense after reaching the age of eighteen years, he is no longer entitled to claim the benefits of the Children's Code. The benevolent attitude that the legislature has shown toward more youthful offenders, by the enactment of AS 47.10, is replaced by the harsher condemnation found in the criminal statutes. Henson, having reached the age of eighteen at the time of the burglary, was properly charged, tried and convicted as an adult. The fact that he was still under the supervision of the superior court until his nineteenth birthday, because of acts committed when he was under the age of eighteen, did nothing to protect him from criminal prosecution for additional acts committed thereafter. In the eyes of the law, he had become an adult and was to be treated accordingly.

## II

■ Henson's trial began on June 16, 1976, 135 days after his arrest on the burglary charge. The arrest was made on January 27, 1976. Rule 45, Alaska R. Crim. P., requires that one charged with a crime be tried within 120 days "[f]rom the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . ." However, in computing the time for trial under the rule certain periods may be excluded, including any "period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel." Rule 45(d)(2).

Appellant argues that his trial should have commenced on or before May 26, 1976. Assuming, *arguendo*, that his argument is otherwise correct, one event occurred which operated to extend the time for trial beyond the date upon which it actually began.

Henson's trial was originally set for April 26, 1976. On that date his attorney, Beverly Cutler, an Assistant Public Defender, was involved in the trial of another case and was therefore unavailable. For that reason, his trial was ordered to begin upon completion of the other case. On May 10, 1976, after that matter ended, Henson's case was again called for trial. Counsel for both the state and the defense were present and ready to proceed. Henson, however, failed to appear.[7] At the request of the state's attorney, a bench warrant was issued for his arrest. The court ended the proceedings by saying: "As soon as Mr. Henson is located, we'll have the trial."[8]

Henson's next appearance before the court was on May 19, 1976, following his arrest on the bench warrant. Appearing with him was William Bryson, an Assistant Public Defender, who advised the court that Ms. Cutler, Henson's attorney, was out of town. The court asked if the parties were ready to proceed to trial, whereupon the following exchange occurred:

MR. BRYSON: All I know for certain, Your Honor, is that Miss Miracle represented Mr. Henson in the cases. Miss Cutler is now. Miss Cutler is out of town for about a period of 10 days, I believe, but if we could have a trial setting in the near future, I think that we would be prepared to go forward.

THE COURT: Is the state ready to proceed?

MR. KEENAN: The state's ready.

THE COURT: All right. What do you mean, near future? Tomorrow? Ten days?

MR. BRYSON: No. She's gone for 10 days. I would suggest 2 weeks, if there's an open spot at that point.

THE COURT: All right. Is that agreeable with the state?

MR. KEENAN: Yes, Your Honor.

THE COURT: All right. You may get a trial date.

MR. BRYSON: About 2 weeks might be the week of the bar convention, in which case, 3 weeks would be . . . . .

THE COURT: The week after the bar convention. There's 14 cases set for that first week available after that. There's not much chance of getting started.

THE CLERK: [The calendar clerk] says the week of the 14th.

MR. BRYSON: We could set it that way and then once Mr. Henson has made contact with his attorney, perhaps his attorney could find an opening and move the setting up if it was possible.

THE COURT: What's the earliest date . . . . .

MR. BRYSON: That is the earliest date that's available now, is July 14th?

THE CLERK: June 14th.

---

7. His non-appearance was apparently the result of failure on the part of he and his attorney to establish a thorough method of communication concerning the progress of the other case, so as to assure his presence when next needed.

8. A strong argument can be made that the period between Henson's non-appearance on May 10 and his subsequent appearance on May 19 should be an "excluded period." Although the trial court was of that view, we find it unnecessary to decide the issue.

MR. BRYSON: Or June 14th.

THE COURT: That agreeable to the state?

MR. KEENAN: Yes, Your Honor.

THE COURT: That'll be the order. . .

We hold that the period of delay between May 19, 1976, and June 14, 1976, must be excluded in computing the time for trial under Rule 45(d)(2). Such delay was a direct result of a request for a continuance made by counsel on behalf of the defendant and with his consent.[9] While the request was originally for a continuance of "about two weeks," counsel clearly indicated that a longer period of delay, to June 14, 1976, was acceptable when he said:

We could set it that way and then once Mr. Henson has made contact with his attorney, perhaps his attorney could find an opening and move the setting up if it was possible.

Excluding the period between May 19 and June 14, there was no violation of the 120 day requirement of Rule 45.

Finding no error, we affirm the judgment of the superior court.

---

**9.** Absent some expression of objection on the part of Henson, which the record fails to dis-close, we must assume that Mr. Bryson acted with his consent.