OPINION OF THE COURT
Robert M. Haft, J.
The defendant, Ismael Burgos, has entered a plea of guilty to robbery in the first degree (Penal Law, § 160.15). The People have filed a predicate felony statement alleging that on July 26, 1977, Burgos was convicted of burglary in the first degree (Cal Penal Code, § 459), after a plea of guilty in Eureka County, California. Burgos was committed to the California Youth Authority from whose custody he escaped on April 8, *924 1978. It is not contested that the acts underlying defendant’s California conviction would have warranted a felony conviction had they been committed in this State. (See Cal Penal Code, § 461.)
The issue confronting this court is whether defendant’s commitment to the California Youth Authority — for a crime which would have been a felony had it been committed in New York — now subjects him to a sentence of imprisonment as a second felony offender pursuant to section 70.06 of the Penal Law.
Under the doctrine of full faith and credit, a court of this State must accord to a judgment of a sister State the same weight and effect which that judgment would be accorded in the sister State. (People v Carpenteur, 21 NY2d 571.) Therefore, if it appears that defendant’s commitment to the California Youth Authority could not be considered by a California court for the purpose of enhancing his sentence for any new offenses, then this court will similarly be barred from sentencing the defendant as a second felony offender.
The California Legislature created the Youth Authority as a substitute for retributive punishment by providing methods for training and treatment directed towards the correction and rehabilitation of young persons found guilty of public offenses. (Cal Welf & Inst Code, § 1700.) Individuals may be committed to the Youth Authority in a variety of ways. Minors (under 18 years of age) found to be "wards” of the juvenile courts because they have committed a criminal offense may be committed to the Youth Authority. (Cal Welf & Inst Code, § 731.) However, "an order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding.” (Id.) Such a commitment, like a youthful offender adjudication in this State, is "not a judgment of conviction” (CPL 720.35, subd 1), and will not subject the youth to an "enhanced” sentence for any subsequent offense.
When proceeding against an adult defendant, the court may commit that individual to the Youth Authority, provided the defendant is under 21 years of age at the time of apprehension. (Cal Welf & Inst Code, § 1731.5.) Burgos falls within that category. The authority is empowered to convey the youth to a place of detention or it may direct that the youth be left at *925 liberty under such conditions as in the court’s opinion will insure his submission to any orders the authority may issue. Unlike the commitment of a ward of the juvenile courts, this commitment is a sentence and judgment upon a conviction. (See People v Navarro, 7 Cal 3d 248; see, also, 60 Opns Cal Atty Gen 223.) It has "penal overtones” and is considered a "punitive” form of institutionalization. (Matter of Arthur N, 16 Cal 3d 226; Matter of Aline D., 14 Cal 3d 557.) Further, the time spent by a defendant in the custody of the Youth Authority is credited as service of prison time. (See People v Sandoval, 70 Cal App 3d 73; see, also, Cal Penal Code, § 667.5, subd [h].)
Subdivision (e) of section 667.5 of the California Penal Code, providing for the enhancement of prison terms for repeat offenders, states: "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison (Emphasis added.) There is no evidence that Burgos was ever in custody in "State prison,” nor would such custody necessarily be determinative. In Matter of Keller (232 Cal App 2d 520), a youth, committed to the California Youth Authority, was placed in San Quentin Prison (a "State prison”) as a means of accomplishing the purposes of the Youth Authority Act, to wit, training and treatment directed towards rehabilitation. The court held that the commitment to prison did not constitute a prior conviction within the statute providing for increased punishment (p 526): "Commitment by the trial court to the California Youth Authority is not analogous to a commitment by said court to a state prison; and the transferring * * * of such minor to a state prison does not place the minor in prison to serve a term within the meaning of section 644 of the Penal Code.”*
It follows, then, that defendant’s commitment to the California Youth Authority constitutes special benevolent treatment which classifies Burgos separately from individuals not afforded such treatment. Similar to the effect of a youthful offender finding in this State, a commitment to the California *926 Youth Authority prevents the imposition of increased punishment on a subsequent conviction.
Since it appears that the defendant’s commitment to the Youth Authority does not constitute a prior term in State prison, by giving full faith and credit to that California judgment, this court is barred from sentencing the defendant as a second felony offender pursuant to section 70.06 of the Penal Law.

 Section 644 of the California Penal Code, which provided for increased sentences for habitual criminals, was repealed in 1976 and replaced with section 667.5 (see Cal Stats 1976, c 1139). Both statutes, as the People conceded, address themselves to prior convictions, and both statutes required, in order to utilize a prior conviction for the purpose of enhancement of sentence, that the defendant serve a prior term in State prison.