[No. B065035. Second Dist., Div. Five. Apr. 12, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
TROY EARL SEALS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and parts I and II of Discussion.

**COUNSEL**

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Pat Zaharopoulos, Garrett Beaumont, John R. Gorey and Karen Bissonnette, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, Acting P. J.**—Defendant and appellant Troy Earl Seals appeals from a judgment after a jury trial in which he was convicted of robbery with the use of a firearm and evading an officer, and a court trial in which it was found he had suffered a prior serious felony conviction and two prior prison terms for felony convictions. He contends the trial court erred in sentencing him to the upper terms for the robbery and the firearm use enhancement. He contends further the evidence is insufficient to support a true finding as to one of the prior prison term allegations. In the unpublished portion of this opinion, we conclude the trial court did not err prejudicially in selecting the upper terms. In the published portion of this opinion, we reverse the true finding as to one of the prior prison term allegations, because we conclude that a direct commitment of a youthful offender to the California Youth Authority (CYA) pursuant to Welfare and Institutions Code section 1731.5, subdivision (a) does not constitute a prior prison term within the meaning of

Penal Code section 667.5, subdivision (b). We affirm in part and reverse in part.

## Procedural Background

Defendant was charged by information with robbery in violation of Penal Code section 211. It was further alleged that defendant personally used a firearm in the commission of the robbery within the meaning of Penal Code section 12022.5. Defendant was also charged with evading an officer in violation of Vehicle Code section 2800.2. It was further alleged that defendant had suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a) and two prior prison terms for felony convictions within the meaning of Penal Code section 667.5, subdivision (b).

The jury convicted defendant of robbery and evading an officer and found the firearm use allegation to be true. The trial court found the prior felony conviction allegations to be true. Defendant was sentenced to 17 years and 8 months in state prison. The trial court imposed the upper term for the robbery (5 years), a consecutive upper term for the firearm use enhancement (5 years), a consecutive one-third the middle term for evading an officer (8 months), a consecutive 5 years for the prior serious felony conviction enhancement, and two consecutive one-year terms for the prior prison term enhancements. Defendant appeals.

## Facts*

. . . . . . . . . . . . . . . . . . . . . . .

## Discussion

I.-II.*

. . . . . . . . . . . . . . . . . . . . .

### III.  *Prior Prison Term*

In November 1984, defendant was charged in case number A759293[1] with robbery and burglary. On November 30, 1984, defendant pled guilty to grand theft person as a lesser included offense of robbery; the burglary

---

*See footnote, *ante*, page 1379.

[1]Pursuant to Evidence Code section 452, subdivision (d), we have taken judicial notice of the superior court file in case number A759293.

charge was dismissed. On December 28, 1984, defendant was placed on probation. On March 29, 1985, defendant was found to be in violation of probation. On June 21, 1985, probation was revoked and, pursuant to Welfare and Institutions Code section 1731.5, subdivision (a), defendant was committed to the CYA for the low term of 16 months.

In the instant case, it was alleged defendant had suffered in 1984 a prior felony conviction of grand theft person in case number A759293, for which he had served in 1985 a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). The trial court found this prior prison term allegation to be true and sentenced defendant to a consecutive one-year term for this enhancement.

Pursuant to Penal Code section 667.5, subdivision (b), when a defendant is convicted of a felony and sentenced to state prison, the defendant is subject to an additional consecutive one-year enhancement "for each prior separate prison term served for any felony." In *People* v. *Redman* (1981) 125 Cal.App.3d 317 [178 Cal.Rptr. 49], this district concluded that a commitment to the CYA did not constitute a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). "We therefore hold that a commitment to the CYA and the completion of a period of commitment in a CYA facility do not constitute the serving of a prison term within the meaning of Penal Code section 667.5." (125 Cal.App.3d at p. 323.)

Two years later, in 1983, the Legislature amended Penal Code section 667.5 by adding subdivision (j) to provide: "For the purposes of this section, when a person subject to the custody, control, and discipline of the Director of Corrections is incarcerated at a facility operated by the [CYA], that incarceration shall be deemed to be a term served in state prison." (Stats. 1983, ch. 229, § 1, p. 707.)

Welfare and Institutions Code section 1731.5, subdivision (a) provides that a trial court may order a youthful adult offender to be directly committed to the CYA in lieu of a state prison sentence. Welfare and Institutions Code section 1731.5, subdivision (c) provides alternatively that a trial court may sentence a youthful adult offender to state prison, but order the offender to be transferred by the Department of Corrections to the CYA to serve his state prison sentence.[2]

In this case, we must determine whether a direct commitment to the CYA pursuant to Welfare and Institutions Code section 1731.5, subdivision

---

[2]Welfare and Institutions Code section 1731.5 provides:
"(a) After certification to the Governor as provided in this article, a court may commit to

(a) constitutes a prior prison term within the meaning of Penal Code section 667.5, subdivisions (a) and (j). Citing *People* v. *Redman, supra,* 125 Cal.App.3d at page 322 overruled on other grounds in *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754, 760, footnote 5, defendant contends the record does not support a finding that he served a prior prison term for his 1984 conviction of grand theft person. Initially, the prosecution contended *Redman* had been overruled by the Legislature when it amended Penal Code section 667.5 in 1983 by adding subdivision (j). However, after a review of the superior court file and the legislative history of the 1983 amendment to Penal Code section 667.5, the prosecution has conceded defendant was committed directly to the CYA pursuant to Welfare and Institutions Code section 1731.5, subdivision (a), and that such a direct commitment to the CYA does not constitute a prior prison term within the meaning of Penal Code section 667.5, subdivisions (b) and (j). We agree with defendant and accept the prosecution's concession.

---

the authority any person convicted of a public offense who comes within paragraphs (1), (2), and (3), or paragraphs (1), (2), and (4), below:

"(1) Is found to be less than 21 years of age at the time of apprehension.

"(2) Is not convicted of first degree murder, committed when that person was 18 years of age or older, or sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment.

"(3) Is not granted probation.

"(4) Was granted probation and probation is revoked and terminated.

"(b) The Youth Authority shall accept a person committed to it pursuant to this article if it believes that the person can be materially benefited by its reformatory and educational discipline, and if it has adequate facilities to provide that care.

"(c) Any person under the age of 21 years who is not committed to the authority pursuant to this section may be transferred to the authority by the Director of Corrections with the approval of the Director of the Youth Authority. In sentencing a person under the age of 21 years, the court may order that the person shall be transferred to the custody of the Youth Authority pursuant to this subdivision. When the court makes such an order and the Youth Authority fails to accept custody of the person, the person shall be returned to court for resentencing. The transfer shall be solely for the purposes of housing the inmate, allowing participation in the programs available at the institution by the inmate, and allowing Youth Authority parole supervision of the inmate, who, in all other aspects shall be deemed to be committed to the Department of Corrections and shall remain subject to the jurisdiction of the Director of Corrections and the Board of Prison Terms. Notwithstanding subdivision (b) of Section 2900 of the Penal Code, the Director of the Department of Corrections, with the concurrence of the Director of the Youth Authority may designate a facility under the jurisdiction of the Director of the Youth Authority as a place of reception for any person described in this subdivision.

"The Director of the Youth Authority shall have the same powers with respect to an inmate transferred pursuant to this subdivision as if the inmate had been committed or transferred to the Youth Authority either under the Arnold-Kennick Juvenile Court Law or subdivision (a).

"The duration of the transfer shall extend until the Director of the Youth Authority orders the inmate returned to the Department of Corrections, the inmate is ordered discharged by the Board of Prison Terms, or the inmate reaches the age of 25 years, whichever first occurs."

The language of subdivision (j) of Penal Code section 667.5 appears on its face to apply only to transfers of youthful offenders to the CYA pursuant to subdivision (c) of Welfare and Institutions Code section 1731.5 and not to direct commitments to the CYA pursuant to subdivision (a) of that section. Penal Code section 667.5, subdivision (j) refers to "a person subject to the custody, control, and discipline of the Director of Corrections." A youthful offender who is directly committed to the CYA is not a person subject to the custody, control or discipline of the Department of Corrections. On the other hand, a youthful offender who is transferred to the CYA pursuant to subdivision (c) of Welfare and Institutions Code section 1731.5 is "deemed to be committed to the Department of Corrections" and remains "subject to the jurisdiction of the Department of Corrections and the Board of Prison Terms."

The clear import of the statutory language is supported by a review of the legislative history surrounding the enactment of the 1983 amendment to Penal Code section 667.5.[3] The purpose of the amendment which added subdivision (j) was to ensure that youthful offenders committed to the Department of Corrections following a felony conviction, but transferred to the CYA for housing and program participation, would be subject to the prior felony conviction enhancements of Penal Code section 667.5. (Legis. Counsel's Dig., Sen. Bill No. 1046, § 1 (1983-1984 Reg. Sess.).) The legislative history makes frequent reference to youthful offenders who have been sentenced to state prison but who are housed at CYA facilities. (*Ibid.*; Sen. Com. on Judiciary Rep. on Sen. Bill No. 1046, § 1 (1983-1984 Reg. Sess.); Sen. Off. of Research Mem. (April 5, 1983).) The legislative history indicates these youthful offenders were, for purposes of Penal Code section 667.5, to be treated as serving a state prison sentence even though they were actually confined in a CYA facility. (*Ibid.*; Assem. Com., Crim. Law and Public Safety Rep. prepared for June 1, 1983 hgs.) There is nothing in the legislative history which indicates a legislative intent to apply subdivision (j) of Penal Code section 667.5 to a direct commitment to the CYA under subdivision (a) of Welfare and Institutions Code section 1731.5.

Indeed, prior to the 1983 amendment, attempts had been made to include a direct commitment to the CYA in the definition of prior prison term for purposes of Penal Code section 667.5. These attempts were not successful. (Sen. Bill No. 332, § 1 (1981-1982 Reg. Sess.); Assem. Bill No. 3387, § 1 (1981-1982 Reg. Sess.).)

Thus, we hold that a direct commitment of a youthful offender to the CYA pursuant to Welfare and Institutions Code section 1731.5, subdivision (a)

---

[3]We have taken judicial notice of the legislative history of Penal Code section 667.5, subdivision (j). (*In re Lance W.* (1985) 37 Cal.3d 873, 889.)

does not constitute a prior prison term within the meaning of Penal Code section 667.5, subdivisions (b) and (j). Subdivision (j) of Penal Code section 667.5 was intended to include transfers to the CYA of youthful offenders who had been sentenced to state prison pursuant to subdivision (c) of Welfare and Institutions Code section 1731.5 as prior prison terms, but was not intended to include direct commitments to the CYA under subdivision (a) of Welfare and Institutions Code section 1731.5. Accordingly, the evidence that defendant suffered a prior conviction for grand theft person for which he was directly committed to the CYA under subdivision (a) of Welfare and Institutions Code section 1731.5 is insufficient to support a true finding that he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). Thus, that finding of the trial court must be reversed and the additional sentence vacated.

## DISPOSITION

The true finding as to the 1984 grand theft person prior prison term allegation in case number A759293 is reversed. The one-year enhancement for this prior prison term allegation is stricken. The judgment is modified to reflect a total sentence of 16 years and 8 months. As modified, the judgment is affirmed.

Armstrong, J., anc Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 1993.