Anthony J. MANCINI, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5538.

Court of Appeals of Alaska.

Oct. 6, 1995.

---

Monte L. Brice, Brice & Associates, Juneau, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

Anthony J. Mancini entered pleas of no contest to, and was convicted of, one count of theft in the second degree, a class C felony, and one count of sexual abuse of a minor in the second degree, a class B felony. AS 11.46.130(a)(1); AS 11.41.436(a)(2). Based in part on a 1978 California conviction for burglary, Mancini conceded that he had two prior felony convictions for presumptive sentencing purposes. Superior Court Judge Walter L. Carpeneti relied on the concession and sentenced Mancini to consecutive terms totalling ten years with one year suspended. On appeal, this court concluded that Judge Carpeneti had improperly found an aggravating factor in imposing Mancini's sentence; we remanded for resentencing. *Mancini v. State*, 841 P.2d 184 (Alaska App.1992). On remand, Judge Carpeneti, again relying on the 1978 burglary conviction for purposes of finding two prior felony convictions, resentenced Mancini to a composite term of nine and one-half years with one year suspended.

Mancini thereafter filed an application for post-conviction relief, alleging that his 1978 California burglary conviction should not have counted as a prior conviction for sentencing purposes. Mancini pointed out that under California's sentence enhancement laws, because the 1978 burglary conviction had resulted in his commitment to the California Youth Authority (CYA), it would not have qualified as a prior conviction for purposes of enhancing his sentence for a new California offense. Mancini argued that, because California would not treat the conviction as a prior conviction for sentence enhancement purposes, neither should Alaska.

Judge Carpeneti, finding Alaska—not California—law controlling, determined that Mancini's 1978 burglary conviction qualified as a prior conviction under Alaska's presumptive sentencing statute. Accordingly, Judge Carpeneti rejected Mancini's argument and denied his application for post-conviction relief. Mancini now appeals, contending that Judge Carpeneti erred in finding California law inapplicable. We find Mancini's argument unpersuasive and affirm.[1]

---

1. The state raises a threshold issue of waiver in light of Mancini's concession, at his original sentencing hearing, that he was subject to sentencing as a third felony offender. Judge Carpeneti, however, found the record inadequate to establish a knowing and intelligent waiver. The judge

In 1978, when Mancini was eighteen years of age, he committed a burglary in California; he was convicted as an adult by the Los Angeles Superior Court.[2] Subject to certain exceptions not pertinent here, California law permits youthful offenders who are under twenty-one years of age to be committed to the CYA; commitment is allowed regardless of whether the offender has been convicted as an adult or adjudicated by the juvenile court as a delinquent. *See* Cal.Welf. & Inst. Code § 1731.5. Although Mancini was eighteen years of age when he committed the 1978 offense, and was therefore an adult, he qualified for treatment as a youthful adult offender and was committed to the CYA.

■ Under California law, a youthful offender convicted as an adult and committed to the CYA is deemed to have been convicted of a crime. *See People v. Pride*, 3 Cal.4th 195, 10 Cal.Rptr.2d 636, 673–74, 833 P.2d 643, 680–81 (1992); *People v. Navarro*, 7 Cal.3d 248, 102 Cal.Rptr. 137, 151, 153, 497 P.2d 481, 495, 497 (1972). Nevertheless, the California statute that provides for enhancement of criminal sentences based on prior convictions prohibits enhancement "for any [prior] felony for which the defendant did not serve a prior separate term in state prison." Cal.Pen. Code § 667.5(e). Because commitment to the CYA is not considered a "term in state prison," California courts have ruled that adult convictions resulting in CYA commitment cannot serve as a basis for sentence enhancement under § 667.5(e). *See People v. Seals*, 14 Cal.App.4th 1379, 18 Cal.Rptr.2d 676 (1993); *People v. Redman*, 125 Cal. App.3d 317, 178 Cal.Rptr. 49, 52 (1981). *But see People v. Shields*, 228 Cal.App.3d 1239, 279 Cal.Rptr. 403, 405 (1991).

Mancini insists that California law should determine whether his 1978 burglary amounts to a prior conviction for sentence enhancement purposes under Alaska's presumptive sentencing legislation. But he is incorrect. The issue is instead controlled by

AS 12.55.145(a)(2), which provides that "a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction."

Insofar as this provision addresses out-of-state adjudications, it sets forth two prerequisites to the finding of a prior felony conviction for presumptive sentencing purposes: first, there must be "a conviction in ... another jurisdiction;" and, second, that conviction must involve "an offense having elements similar to those of a felony defined as such under Alaska law."

■ While we have previously had occasion to interpret the second of these prerequisites, *see, e.g., Borja v. State*, 886 P.2d 1311 (Alaska App.1994), *Wells v. State*, 687 P.2d 346 (Alaska App.1984), we have never expressly considered the first. We agree with Mancini that California law must govern the first prerequisite—that is, the issue of whether Mancini has "a conviction in ... another jurisdiction." As we have seen, however, California law clearly regards Mancini's 1978 judgment of commitment to the CYA as a criminal conviction. *Pride*, 10 Cal.Rptr.2d at 673–74, 833 P.2d at 680–81; *Navarro*, 102 Cal.Rptr. at 151, 153, 497 P.2d at 495, 497. Since Mancini does not dispute that the 1978 California burglary involved "elements similar to those of a felony defined as such under Alaska law," it follows that both prerequisites to the finding of a prior felony conviction have been met under AS 12.55.145(a)(2).

■ Although we agree with Mancini that California law must determine whether he has "a conviction in ... another jurisdiction," we disagree with his further assertion that California law must be relied on to determine the effect of that conviction on his sentence for a new crime committed in Alaska. The effect of a prior criminal conviction—whether an Alaska conviction or one

---

deemed it preferable to address the merits of Mancini's post-conviction relief application. Given the superior court's decision to rule on the merits, we decline to address the state's waiver argument.

**2.** Under California Welfare & Institution Code § 602, "[a]ny person who is under the age of 18 years when [the person] violates any law ... is within the jurisdiction of the juvenile court[.]" A juvenile adjudication is not deemed a criminal conviction for any purpose. Cal.Welf. & Inst. Code § 203.

from another jurisdiction—on the sentencing of an Alaska offender implicates issues of policy that are uniquely Alaskan in character and have nothing to do with California law.[3] Alaska law must govern. *Cf. State v. Edmondson,* 112 N.M. 654, 818 P.2d 855 (App.1991).[4]

Because the record demonstrates that Mancini's 1978 California burglary conviction satisfies the definition of a prior felony conviction set forth in AS 12.55.145(a)(2), Judge Carpeneti correctly determined that Mancini had two prior felony convictions for presumptive sentencing purposes. Dismissal of Mancini's application for post-conviction relief was not error.

The order of dismissal is AFFIRMED.

**3.** In discussing California's sentence enhancement statute, both parties stray into the area of full faith and credit. But this case presents no issue of constitutional dimension: by no stretch of the imagination can Mancini be seen as attempting to enforce a California judgment. *See State, Dep't of Pub. Safety v. Fann,* 864 P.2d 533, 536 (Alaska 1993).

**4.** Mancini's reliance on *People v. Burgos,* 98 Misc.2d 923, 415 N.Y.S.2d 573 (Sup.Ct.1979), and *People v. Carpenteur,* 21 N.Y.2d 571, 289 N.Y.S.2d 615, 236 N.E.2d 850 (1968), is mistaken, since those cases are readily distinguishable from Mancini's. In both cases, New York courts relied on California law in declining to enhance a New York offender's sentence based on prior California convictions that had resulted in CYA commitments. Pivotal to both cases, however, was a New York youthful offender scheme that paralleled California's and a New York sentence enhancement statute that, like California's, barred enhancement when a prior New York conviction resulted in an offender's treatment as a youthful offender. Given the similarities of the California and New York youthful offender and sentence enhancement statutes, the New York courts concluded that California's determination

that an offender should receive youthful offender treatment deserved to be credited in applying New York's sentence enhancement statute. In contrast to New York's enhancement statute, which expressly recognizes and gives prominence to an offender's prior treatment as a youthful offender, Alaska's definition of prior felony conviction, as set forth in AS 12.55.145(a)(2), attaches no significance to the manner in which a previously convicted offender was treated, provided that the offender was in fact previously convicted.

Mancini also cites *Henson v. State,* 576 P.2d 1352, 1353 (Alaska 1978), to support finding that California and Alaska treat juveniles similarly. This claim is erroneous. Mancini inaccurately interprets *Henson* as holding "that a defendant who had been placed under the juvenile supervision of the superior court at the age of 17 and committed a burglary at the age of 18 while still under juvenile supervision could not be tried on a criminal charge unless the supervising court waived its juvenile jurisdiction." Mancini is wrong. Mancini does not cite the holding in *Henson'* he cites the argument made in *Henson,* which the Alaska Supreme Court found "imaginative [but] not persuasive." *Id.* at 1353.