FILED

**NOT FOR PUBLICATION**

MAR 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANG CHAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-70712<br><br>Agency No. A025-101-556<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2015[**]
Pasadena, California

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

Dang Chan petitions for review of a decision by the Board of Immigration

Appeals (BIA) denying his applications for asylum, withholding of removal, and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny Chan's petition.[1]

1.      Chan argues that the Immigration Judge violated due process by "using inconsistent, unreliable minutes and abstracts of judgment" in determining that Chan had been convicted of an aggravated felony and thus was ineligible for asylum. He claims that the Immigration Judge should have granted his request for a continuance to allow him to obtain "finalized, corrected documents." "A petition for review will only be granted on due process grounds if '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). Chan did not establish that the proceedings were fundamentally unfair or that he was prejudiced by the denial of a continuance. It is clear from the conviction documents that Chan was convicted of attempted murder in the second degree under California Penal Code §§ 664 and 187(a), which is an aggravated felony. *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir.

---

[1]      The parties are familiar with the facts, so we do not recount them here.

2

2008). Moreover, Chan acknowledges that he pleaded guilty to a violation of §§ 664 and 187.

2. An alien is ineligible for withholding of removal if he has been convicted of "a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(c)(4), (d)(2). "[A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(iv). Chan argues his conviction does not qualify as a particularly serious crime because he served his sentence in a California Youth Authority (CYA) facility. But § 1231(b)(3)(B)(iv) provides that a person *sentenced* to an aggregate term of imprisonment of five years or greater has committed a particularly serious crime. Moreover, when a court transfers a prisoner to the CYA pursuant to California Welfare & Institutions Code § 1731.5(c), the prisoner remains in the custody of the Department of Corrections and is considered to be serving a "prison term" under California law. *See People v. Seals*, 8 Cal. Rptr. 2d 676, 680 (Ct. App. 1993) (distinguishing direct commitments to CYA from transfers under § 1731.5(c) for purpose of applying prior-prison-term sentencing enhancement). Because Chan was convicted of an aggravated felony and sentenced to a ten-year term, his conviction is per se a

3

"particularly serious crime." *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1345 (9th Cir. 2013).

3.      We will reverse the denial of relief under the CAT only if the evidence compels a conclusion contrary to that reached by the BIA. *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). To establish eligibility for relief under the CAT, an applicant bears the burden of "establish[ing] that it is more likely than not that he or she [will] be tortured if removed to the proposed country of removal." 8.C.F.R. § 1208.16(c)(2). Chan alleges that he will face various hardships if he returns to Cambodia, but these hardships do not rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(2). The evidence does not compel a finding that it is more likely than not Chan will be tortured if removed to Cambodia.

Petition **DENIED**.