Filed 2/25/26  P. v. Soto CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JULIAN CESAR SOTO,<br><br>     Defendant and Appellant. | D084745<br><br><br>(Super. Ct. No. SCE412014)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the unpublished opinion filed on February 19, 2026, be modified as follows:

On page 12, in the first sentence of the last paragraph, "to life" is inserted after "530 years" so that the sentence reads:

Soto contends his sentence of 81 years plus 600 years to life—which is being reduced to 76 years plus 530 years to life by our changes to counts 18 and 19—constitutes cruel and unusual punishment under the United States and California Constitutions.

There is no change in judgment.

KELETY, Acting P. J.

Copies to:  All parties

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084745 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE412014) |
| JULIAN CESAR SOTO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Selena D. Epley, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Julian Cesar Soto of nearly 20 counts of various types of sexual offenses committed against young girls over the span of about

five years, most of which he does not challenge on appeal.  Soto appeals on five grounds.

First, he contends his conviction on count 19 for aggravated sexual assault of a child by sexual penetration cannot stand because the statute defines "sexual penetration" to exclude penetration by a penis unless the penetrating object is unknown.  The People argue sufficient evidence supports the verdict due to uncertainty about what Soto used to penetrate the victim.  But the record is unequivocal that Soto penetrated the victim with his penis.  As a result, the evidence is insufficient to support his conviction for aggravated sexual assault of a child by sexual penetration.  We thus reverse Soto's conviction on count 19 and vacate the corresponding sentence.

Second, Soto challenges the validity of his admission of prior conviction allegations based on the court's incomplete advisal of his constitutional rights.  Based on the totality of the circumstances, we conclude Soto's admission was intelligent and voluntary.

Third, Soto disputes two true findings the jury made and the sentence for count 18 because oral copulation with a child of 10 years of age or younger (Pen. Code, § 288.7, subd. (b)) does not trigger the basis for the true findings under section 667.61.  The People concede the sentence for count 18 was unauthorized on this basis.  We accept the People's concession, reverse the jury's true findings, and modify the sentence for count 18.

Fourth, Soto argues his sentence constitutes cruel and unusual punishment under the United States and California Constitutions.  But we conclude this claim is forfeited.

Fifth, Soto seeks to clarify the abstract of judgment to omit any fines, fees, or assessments to be consistent with the trial court's oral

2

pronouncement.  The People agree the abstract of judgment "could be misinterpreted as to the fines and fees."  We will direct the trial court to omit any fines, fees, or assessments from the abstract of judgment when amending it consistent with this opinion.

We therefore reverse in part, remand with directions, and in all other respects affirm the judgment.

## I.

## A.

The charges against Soto arose from a slew of sexual offenses he committed against three young girls.  For purposes of this appeal, the details of count 19 only are relevant.

Count 19 charged Soto with aggravated sexual assault of a child under 14 years of age by sexual penetration.  (§§ 269(a)(5), 289(a).)  The victim, who we will call Summer, testified at trial.  While cleaning a car together, Soto "laid [Summer] on the trunk of the car and then he pulled [her] pants down and he stuck his thing inside" her vagina.  Summer confirmed that when she said, "his thing," she was referring to Soto's "private part" that he uses for "[t]he bathroom.  To use the bathroom."  After penetrating Summer's vagina with "his private thing," Soto moved "back and forth" with his hands on her stomach.  Summer testified it "hurt" and she felt "[u]ncomfortable and scared."

Testifying in his defense, Soto denied ever "inappropriately touch[ing]" Summer or forcing himself on her.

## B.

A jury convicted Soto of six counts of lewd acts upon a child (§ 288(a); counts 2, 7, 13-14, 16-17); four counts of sexual penetration with a child 10 years old or younger (§ 288.7(b); counts 3, 5, 9, & 11); four counts of sexual

3

penetration by a foreign object (§ 289(j); counts 4, 6, 10, & 12); oral copulation of a person under 14 years of age (§ 287(c)(1); count 15); oral copulation with a child 10 years old or younger (§ 288.7(b); count 18); and aggravated sexual assault of a child under 14 years of age by sexual penetration (§ 269(a)(5); count 19). The jury also made various true findings, including some under the One Strike law (§ 667.61). The three remaining counts were dismissed.

Soto admitted to having a strike prior and a serious felony prior.

In a separate bench trial, the court found true the aggravating factors that (1) Soto had prior convictions that were numerous and of increasing seriousness and (2) Summer was particularly vulnerable.

The court sentenced Soto to a total prison term of 81 years determinant and 600 years to life indeterminate.

## II.

### A.

Soto challenges his conviction on count 19 for insufficient evidence of sexual penetration as statutorily defined because the victim knew Soto penetrated her with his penis and not a foreign or an unknown object. The People argue the count 19 conviction is proper given the "uncertainty as to whether the object causing the penetration was a penis or another foreign object." We conclude the evidence does not support Soto's conviction on count 19, so we must reverse it.

#### 1.

When reviewing for substantial evidence, we examine the entire record in the light most favorable to the prosecution to determine if a rational factfinder could find the essential elements of the crime beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Substantial evidence is reasonable, credible evidence of solid value, even if circumstantial. (*Ibid.*)

4

We will reverse only if "upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

On count 19, the jury convicted Soto of aggravated sexual assault of a child under 14 years of age by sexual penetration. (§§ 269(a)(5), 289(a).) "Sexual penetration" is defined as penetration "by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289(k)(1).) It expressly excludes a penis unless "it is not known whether penetration was by a penis or by a foreign object . . . or by any other part of the body." (§ 289(k)(2)-(3).) The jury was instructed accordingly.

Soto contends Summer's testimony "left no doubt that she was aware" Soto "penetrated her with his penis," and thus she was not penetrated by a foreign or an unknown object as statutorily defined. The People concede "it was reasonable for the victim to assume [Soto] was using his penis to penetrate her." Yet they argue "uncertainty" existed sufficient to fall within the statutory definition because Summer (1) "did not testify she ever observed the object that penetrated her," as it would have been difficult to do so from her position on her back; and (2) "the evidence did not establish that she possessed the knowledge to distinguish between penetration by a penis and a different unknown object."

Even viewing the evidence in the light most favorable to the judgment, as we must, we perceive no uncertainty here. Summer specified it was Soto's "private part" that he uses to go to the "bathroom." In closing argument, the prosecutor remarked how Summer "could not bring herself to use the word penis" but admitted "we know that it was [Soto's] penis." Record evidence established Summer was familiar with Soto's penis. Soto began abusing her years before this incident, when she was only eight years old and Soto forced

5

her to put his penis into her mouth—the basis for Soto's count 18 conviction. And as Soto notes, his hands were holding the victim's stomach at the time of penetration, thus reducing the likelihood he penetrated her with something other than his penis.

On this record, Soto's conviction on count 19 cannot stand.

2.

When insufficient evidence supports a conviction for a greater offense, we may modify the judgment to reflect a conviction for a lesser included offense. (*People v. Bailey* (2012) 54 Cal.4th 740, 748.) We requested supplemental briefing from the parties to address the availability of lesser included offenses. Although the parties identified some lesser included offenses, we conclude the only viable ones are time-barred.

The People identify (1) attempted aggravated sexual assault by sexual penetration (§§ 664/269(a)(5)), (2) assault with intent to commit sexual penetration (§ 220), and (3) assault (§ 240). The first two are not viable lesser included offenses because the record lacks evidence Soto intended to penetrate the victim with anything other than his penis.

Soto identifies assault (§ 240) and battery (§ 242) as "the only two lawfully plausible lesser included offenses in this matter." He concedes battery is "the more appropriate lesser included offense." We agree. Yet we cannot modify Soto's conviction on count 19 to either assault or battery because those misdemeanor offenses are time-barred.

Misdemeanors like assault and battery are subject to a one-year statute of limitations, which applies "regardless of the limitation of time applicable to the greater offense." (§§ 802(a), 805(b).) As relevant here, a prosecution is commenced when an "indictment or information is filed." (§ 804(a).) This offense is alleged to have occurred between August 2019 and August 2020.

6

The first information containing this count was filed in June 2023, outside the one-year limitations period for misdemeanor offenses. Although Soto did not raise the statute of limitations in his supplemental brief, "a defendant may not inadvertently forfeit the statute of limitations and be convicted of a time-barred charged offense." (*People v. Williams* (1999) 21 Cal.4th 335, 338.)

* * *

Because the only applicable lesser included offenses are time-barred, we must reverse Soto's conviction for count 19 for insufficient evidence. (See also *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827 ["Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence."].) We thus vacate the sentence imposed for count 19, which consists of a prison term of 50 years to life and five determinate years as well as a term imposed but stayed under section 667.61.

### B.

Soto contends the trial court failed to advise him of his constitutional rights before he admitted to prior conviction allegations, so his admission should be vacated. Despite the deficient advisement, the People argue Soto's admission was intelligent and voluntary under the totality of the circumstances. We agree with the People.

### 1.

When a defendant admits a prior conviction allegation that can increase the term of punishment, the trial court must ensure the admission is intelligent and voluntary. (*People v. Cross* (2015) 61 Cal.4th 164, 170.) To do so, the court "must inform the defendant of three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and

the right to confront one's accusers—and solicit a personal waiver" of each right. (*Ibid.*)

Although trial courts are required to advise defendants of these constitutional rights, the failure to do so does not automatically result in reversal. (*People v. Mosby* (2004) 33 Cal.4th 353, 361.) Where, as here, the record reflects incomplete advisements and waivers, we "must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*Ibid.*) We may consider a defendant's past experience with the criminal justice system as relevant to the defendant's knowledge of and sophistication about the defendant's legal rights. (*Id.* at p. 365.) "The focus is not on whether a prior would have been found true, but on whether the defendant knew of [the defendant's] constitutional rights." (*People v. Stills* (1994) 29 Cal.App.4th 1766, 1770.)

### 2.

Soto's admission occurred after the court arraigned him on the first amended information and before jury selection. The amended information alleged Soto had previously been convicted of a strike prior and a serious felony prior, which is sometimes called a "nickel prior."

During the arraignment, at which Soto was present, defense counsel informed the court that Soto had "been advised of his constitutional rights" and the charges and allegations. Defense counsel then entered not guilty pleas and denied the allegations on Soto's behalf.

After discussing trial schedules and logistics, the court asked if Soto "intend[ed] to ask for a bifurcated jury trial as to whether or not the People can prove that he has a strike and a nickel prior, or is he prepared to waive jury, or is he prepared to admit that he has that strike prior?" Defense

8

counsel asked to bifurcate the issue of prior convictions, which the court granted.

Next, defense counsel informed the court that Soto "would be prepared to admit that he has that prior strike prior and nickel prior without the presence or need of a jury." The court asked Soto if he was "prepared to do that," to which Soto responded, "Yes." Defense counsel agreed. The court then took Soto's admission to his strike prior conviction and serious felony prior.

3.

As for the right to a jury trial, Soto concedes he was "sufficiently alerted" of his right to a trial on the prior conviction allegations but claims he (1) "may not have understood that his jury trial rights continued through the bifurcated proceeding" and (2) "never expressly waived" that right. We disagree. The court specifically asked if Soto intended to ask for "a bifurcated jury trial" on the prior conviction allegations. And after granting bifurcation, when defense counsel said Soto was prepared to admit "without the presence or need of a jury," the court confirmed directly with Soto that he was "prepared to do that." We thus conclude Soto was adequately advised of and waived his right to a jury trial on the prior conviction allegations.

Yet the advisement was incomplete because the court never mentioned or obtained a waiver of Soto's rights to remain silent or to confront adverse witnesses.

Even so, the totality of the circumstances supports finding Soto intelligently and voluntarily waived those rights, too. When entering the not guilty plea shortly before Soto's admission, defense counsel informed the court Soto had been "advised of his constitutional rights." Five days earlier, while discussing motions in limine in Soto's presence, the court mentioned

9

Soto would need to know the outcome of a particular motion to "assess whether or not he's going to exercise his right to testify." A year before, at the preliminary hearing conducted in Soto's presence, defense counsel objected to an unrelated event because "Soto has the right to confront his accusers." And Soto had twice before executed guilty pleas in which he confirmed he understood and was giving up these constitutional rights. Although we give those guilty pleas little weight because they occurred 13 and 22 years before this admission, they remain relevant as part of the totality of the circumstances.

Soto tries to liken his case to *Cross*, where "nothing in the record affirmatively show[ed] that Cross was aware of his right to a fair determination of the truth of the prior conviction allegation." (*Cross*, 61 Cal.4th at p. 180.) In *Cross*, during the prosecution's direct examination of its first witness, the trial court accepted defense counsel's stipulation to the prior conviction without (1) advising Cross of *any* trial rights or (2) asking if Cross had discussed the stipulation with his counsel. (*Id.* at pp. 169, 180.) The record also lacked any information about how the alleged prior conviction was obtained, such as by guilty plea or by jury trial. (*Id.* at p. 180.)

Like in *Cross*, Soto's admission came before the jury trial on the substantive offenses, so Soto had not yet witnessed his right of confrontation as exercised through his counsel nor decided whether to exercise his right to remain silent. But the similarities end there. Soto heard about and waived his right to a jury trial on the prior conviction allegations, making it an incomplete advisement as opposed to the wholly absent advisement in *Cross*. While the court did not ask Soto if he had discussed the proposed admission with counsel, we can reasonably infer from the record that Soto did. Defense counsel informed the court Soto was "prepared to admit" the allegations

10

"without the presence or need of a jury." The court then asked if Soto was "prepared to do that," and Soto answered, "Yes, Your Honor." And the evidence discussed above, including defense counsel's statement about advising Soto of his constitutional rights, supports our conclusion that Soto's admissions were intelligent and voluntary under the totality of the circumstances.

After this matter was fully briefed, Soto's counsel alerted us of a new published case addressing this same issue, *People v. Kinnear* (2025) 116 Cal.App.5th 1116. *Kinnear*, however, like *Cross*, is distinguishable because it presented a "silent record," missing all three mandated advisements, in contrast to the incomplete advisement here. (*Id.* at p. 1124.) *Kinnear* thus does not sway our conclusion.

### C.

On count 18, Soto was charged with and convicted of oral copulation with a child of 10 years of age or younger. (§ 288.7(b).) Relevant here, for count 18 the jury also found true that Soto "committed an offense described in Penal Code section 667.61(c) upon a victim under fourteen years of age, and has been convicted in the present case of committing an offense specified in subdivision (c) against more than one victim." Those two true findings triggered a mandatory prison term of 25 years to life under the One Strike law (§ 667.61(j)(2)), which was then doubled to 50 years to life because of Soto's prior strike. The court also imposed a consecutive five-year sentence for the associated serious felony prior enhancement.

Soto argues these two true findings and the court's sentence on count 18 "were contrary to[] and unauthorized by law" because section 667.61 "was inapplicable to count 18." He thus asks us to "vacate and dismiss" the jury's count 18 true findings on the section 667.61 allegations and to remand

11

for resentencing on count 18. The People do not address Soto's request on the true findings. They concede the sentence was unauthorized because section 288.7(b) oral copulation is not a listed "triggering statute" for section 667.61 but argue remand is unnecessary because we can modify the sentence. We accept the People's concession, reverse the jury's true findings, and modify the sentence.

The One Strike law, section 667.61, "applies only to certain felony sex offenses." (*People v. Anderson* (2009) 47 Cal.4th 92, 102.) Section 288.7(b), Soto's count 18 conviction, is not among those offenses. (§ 667.61(c).) Consequently, we reverse the jury's two count 18 true findings under section 667.61. (See *People v. Seals* (1993) 14 Cal.App.4th 1379, 1385.)

We agree with the People that "the mandatory term and consecutive sentencing requirements" make remand unnecessary. Absent those section 667.61 true findings, Soto's count 18 conviction mandates a prison sentence of 15 years to life. (§ 288.7(b).) Given his prior strike, that term must be doubled to 30 years to life under the Three Strikes law. (§ 667(e)(1).) Lastly, the consecutive five-year sentence for Soto's serious felony prior enhancement remains intact. (§ 667(a)(1).) We therefore modify the sentence for count 18 to be an indeterminate term of 30 years to life plus the consecutive determinate five-year term.

### D.

Soto contends his sentence of 81 years plus 600 years to life—which is being reduced to 76 years plus 530 years by our changes to counts 18 and 19—constitutes cruel and unusual punishment under the United States and California Constitutions. The People argue Soto forfeited this claim and, in any event, it fails on the merits. We conclude Soto forfeited this claim of error.

12

"A claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and is forfeited if not raised below." (*People v. Baker* (2018) 20 Cal.App.5th 711, 720.)

At the sentencing hearing, defense counsel never invoked the state constitutional prohibition against "cruel or unusual punishment" (Cal. Const., art. I, § 17), and thus Soto forfeited any claim of error on this ground. Soto attempts to avoid this forfeiture through a motion in limine the court granted to deem "every hearsay, relevance, or [Evidence Code section] '352' objection . . . to have been made under the due process clause[s] of the 5th and 14th Amendments[] and under the confrontation clause of the 6th and 14th Amendments." According to Soto, because the court granted that motion, "one logically must assume a federal objection brought under the Eighth Amendment equally would encompass its corollary state constitutional provision." Soto cites no legal authority in support, and we are not persuaded. Nothing in that motion in limine put the court on notice that Soto intended an objection under the Eighth Amendment to have also been made under the state constitutional equivalent. Thus, "the onus was on [defense] counsel to object . . . on state constitutional grounds," and by not doing so the claim is forfeited. (*Baker*, 20 Cal.App.5th at p. 720.)

Besides, Soto did not adequately preserve an objection under the Eighth Amendment either. When discussing Soto's motion to dismiss his strike prior under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, defense counsel argued that the strike prior would double Soto's punishment and, "[i]f the court is inclined to do that, the defense would object under the Eighth Amendment under cruel and unusual punishment." After the court denied the *Romero* motion, defense counsel asked the court to "run as many counts as it can concurrent and give a sentence that would not violate the

13

Eighth Amendment under cruel and unusual punishment." But when a defendant has a prior strike under the Three Strikes law, in addition to doubling the term, "sentences for current qualifying offenses *must* be ordered to run consecutively to each other if," as was the case for the at-issue counts here, "the current offenses occur on separate occasions and do not arise from the same set of operative facts." (*People v. Henderson* (2022) 14 Cal.5th 34, 45, italics added.) Notably, Soto does not challenge the court's denial of his *Romero* motion on appeal.

Defense counsel did not object after the court explained and imposed the sentence. To the contrary, after imposing the sentence, the court asked if counsel for either side "want[ed] to be heard," and defense counsel responded, "No." As a result, Soto's federal constitutional claim is also forfeited. (*People v. Boyce* (2014) 59 Cal.4th 672, 731.)

Soto thus did not preserve for appeal either a state or federal constitutional challenge to his sentence being cruel or unusual.

E.

Lastly, "to avoid any potential confusion," Soto asks us to direct the trial court to amend the abstract of judgment to omit any fines, fees, or assessments because the trial court imposed but deleted them. The People note the abstract of judgment is "technically correct" but do not object to Soto's proposed clarification. We will give directions for the requested clarification.

At sentencing, the court imposed various fines and fees but then found "extraordinary and compelling circumstances" warranted "delet[ing] all court fines, fees[,] and costs." The abstract of judgment lists those fines and fees with a note under "Other orders" that "Fines/Fees deleted."

14

Soto argues the abstract of judgment "appears susceptible to confusion and misinterpretation," and the People agree it "could be misinterpreted as to the fines and fees." Accordingly, we will direct that the abstract of judgment be amended to omit any fines, fees, or assessments.

### III.

We reverse Soto's conviction for count 19 and vacate the five years determinate and 50 years to life indeterminant prison term imposed and the term imposed but stayed under Penal Code section 667.61 for count 19. We reverse the jury's two true findings under Penal Code section 667.61 for count 18 and modify the sentence for count 18 to an indeterminate term of 30 years to life plus the consecutive determinate five-year term. We remand with directions for the trial court to prepare an amended abstract of judgment consistent with this disposition and transmit a copy to the Department of Corrections and Rehabilitation. When the court amends the abstract of judgment, we further direct it to omit any fines, fees, or assessments. In all other respects, we affirm the judgment.


CASTILLO, J.

WE CONCUR:


KELETY, Acting P. J.


RUBIN, J.

15